**In re CHAMBERLAIN LIVESTOCK AUCTION, INC., a South Dakota Corporation, Chamberlain, South Dakota; Darold Mentzner, d/b/a Kimball Livestock Exchange, Kimball, South Dakota; Ericson Livestock Commission Co., Inc., a Nebraska Corporation, Ericson, Nebraska; Richard E. Reed, d/b/a Atkinson Livestock Market, Atkinson, Nebraska; Charles J. Anderberg, d/b/a Miller Livestock Sales Co., Miller, South Dakota, Plaintiffs**

v.

**ABERDEEN PRODUCTION CREDIT ASSOCIATION and Bellman Farms, Incorporated, Defendants.**

**No. Civ. 82–1043.**

United States District Court,
D. South Dakota, N. D.

Sept. 2, 1982.

James M. Cremer, Greg L. Peterson, Bantz, Gosch & Cremer Law Offices, Aberdeen, S. D., and Max Gordon, Gordon & Adler, Kansas City, Mo., for plaintiffs.

Carlyle E. Richards, P. C., Aberdeen, S. D., for defendant Aberdeen Production Credit Ass'n.

William J. Pfeiffer, Aberdeen, S. D., J. Bruce Blake, Sioux Falls, S. D., for defendant Bellman Farms, Inc.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

Plaintiffs have moved that the Court vacate its Order of August 20, 1982, which dismissed this action for lack of diversity jurisdiction. Plaintiffs argue that the Court has jurisdiction over the action by virtue of 28 U.S.C. § 1331 and 28 U.S.C. § 1471(b). Under these sections, plaintiffs argue, the Court is faced with a federal question, and the parties are not required to meet diversity requirements.

At issue in this action are the alleged conversion of cattle, the validity of certain security interests held by defendant Aberdeen Production Credit Association, and the liability of defendant Bellman Farms, Inc. to each of the plaintiffs. Defendant Bellman Farms, Inc. filed for protection under Chapter 11 of the Bankruptcy Code. After a pre-trial conference, the Honorable Peder Ecker, Bankruptcy Judge of the District of South Dakota, exercised the discretion granted him by 28 U.S.C. § 1471(d) and abstained from hearing the case, because the conversion action was peripheral to Bellman Farms' reorganization efforts. Judge Ecker transferred the action to this Court.

Plaintiffs' contention that 28 U.S.C. § 1471(b) grants this Court jurisdiction to hear this case ignores the intent of Congress when it passed the Bankruptcy Code in 1978. Subsections (a) and (b) of 28 U.S.C. § 1471 were designed by Congress to ensure the constitutionality of the grant of expansive jurisdiction to bankruptcy courts by making them adjuncts of the district courts. Subsection (a) grants the district courts exclusive jurisdiction over bankruptcy cases arising under Title 11. Subsection (a) was included by Congress in hopes of ensuring the constitutionality of the expanded jurisdiction given to non-tenured bankruptcy courts under the Code. *Collier on Bankruptcy* ¶ 3.01(d)(i).[1] Subsection (b) was Congress' attempt to invest the bankruptcy courts with far reaching jurisdiction over civil proceedings arising under Title 11 or related to cases under Title 11. S.Rep.No. 989, 95th Cong., 1st Sess. 153–54 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The intent of Congress, therefore, was to channel the bankruptcy proceedings to the bankruptcy courts. There appears no indication that Congress intended that the district courts have expanded jurisdiction to hear new kinds of proceedings.

---

1. Congress' success in this attempt was imperfect. See *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

Plaintiffs argue further that 28 U.S.C. § 1471(b) and Rule 701[2] of the Bankruptcy Rules make all actions that involve bankruptcy debtors actions arising under the laws of the United States. Plaintiffs have clearly overstated the case. The Bankruptcy Rules are merely procedural guides for the conduct of bankruptcy cases and can make no substantive grant of jurisdiction. Moreover, the statutory grant of jurisdiction under 28 U.S.C. § 1471(b) comprises two separate elements. Jurisdiction exists for "all civil proceedings arising under Title 11" and also for proceedings "arising in or related to cases under Title 11." A proceeding arising under Title 11 is a case involving a federal question.[3] The kinds of proceedings covered by the second element of § 1471(b) have other organic laws that will define the rights of the parties, even though those rights may impact on Title 11 cases. These latter proceedings, like the proceedings against defendants here, may depend on state laws and are not necessarily cases which present federal questions. Since plaintiffs' claims against defendants are ancillary to the bankruptcy proceedings, they do not arise under the laws of the United States.

Finally, the Bankruptcy Judge in this case elected to exercise his non-reviewable power to abstain from adjudicating these questions under 28 U.S.C. § 1471(d). The congressional purpose in enacting § 1471(d) was to allow the Bankruptcy Courts, in the interest of justice, to abstain when they determine that "it is more appropriate to have a State court hear a particular matter of State law." H.R.Rep.No. 595, 95th Cong.Sess. 446 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6401. The Bankruptcy Judge has determined that the interests of justice require that he not hear this case and that the case is tangential to the bankruptcy action under Title 11. The case is governed by the laws of two states and involves many, non-diverse parties. For this Court to attempt to exercise jurisdiction under these circumstances would in effect create a large exception to the diversity statute, 28 U.S.C. § 1332, without the clear expression of Congress that 28 U.S.C. § 1471 was intended to do so.

The Court therefore denies Plaintiff's motion to vacate its order of August 20, 1982; the action is dismissed for want of subject matter jurisdiction.

2. The relevant text of Rule 701 reads:

The rules of this Part VII govern any proceeding instituted by a party before a bankruptcy judge to . . . (2) determine the validity, priority, or extent of a lien or other interest in property. . . . "

3. The Supreme Court has stated that a court may test for the law governing a case by applying the rubric that a "suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne and Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). The law that creates plaintiff's action for conversion, that validates Aberdeen Production Credit Association's security interest or determines Bellman Farms' liability is state law. No construction of federal law will alter those rights. *See* 1 *Moore's Federal Practice*, ¶ 0.62[2.–2] (2d Ed. 1978).