262

relief they seek. They are representing on their bottles that they have "patented" (meaning trade-marked) the words "It Is It Is It Is" the world over. In the first place, this is not the truth. They have not "patented" the mark or secured a trade-mark on it in this country. In the second place, they are representing that the mark is their exclusive property, not to be taken by any other concern, whereas their contention in this case is and necessarily must be that the words belong to no particular proprietor. They cannot take the defendant to task for having done the same thing that they are doing—claiming a trade-mark in a name that is common property. See Ubeda v. Zialcita, 226 U. S. 452, 33 S. Ct. 165, 57 L. Ed. 296; Straus v. Notaseme Co., 240 U. S. 179, 181, 36 S. Ct. 288, 60 L. Ed. 590; Diamond Crystal Salt Co. v. Worcester Salt Co., 221 F. 66 (C. C. A. 2).

The case then is one of those where each party takes advantage of his rival's weakness rather than of his own strength. The plaintiffs' motion will be denied because of their representations of an exclusive trade-mark. The defendant's motion will be denied because of the invalidity of its trade-mark. The order may be settled on two days' notice.

Sidney R. Fleisher, of New York City, for defendant.

BONDY, District Judge.

The complaint alleges that the defendant has falsely stated in letters written to moving picture producers and in newspaper articles that a play which plaintiff copyrighted infringes a play which defendant has copyrighted and threatened legal proceedings, by reason of which the consummation of a sale of the moving picture rights of plaintiff's play was prevented and whereby plaintiff was otherwise damaged. The complaint does not allege that the defendant violated any provision of the copyright law by copying in any form the play which plaintiff copyrighted. Accordingly, it does allege a common-law cause of action based solely on the allegedly false statements made by the defendant and not on the infringement of the exclusive right created by the Copyright Act (17 USCA § 1 et seq.). The plaintiff and defendant reside in this state.

The court being without jurisdiction over the subject-matter of the suit, the complaint must be dismissed (see American Well Works Co. v. Layne & Bowler Co., 241 U. S. 257, 36 S. Ct. 585, 60 L. Ed. 987) with usual leave to amend.

## STANGE v. WARSHAWSKY.

District Court, S. D. New York.
April 20, 1934.

Harry Weinberger, of New York City, for complainant.

## UNITED STATES ex rel. DONNELLY v. MULLIGAN, United States Marshal.*

District Court, S. D. New York.
Aug. 17, 1934.

On Reargument Sept. 4, 1934.

*Order reversed — F.(2d) —.