SOUTHERN MUSIC PUBLISHING CO.,
Inc., Plaintiff,

v.

C & C FILMS, Inc., Defendant.

United States District Court
S. D. New York.
March 26, 1959.

Abeles & Bernstein, New York City, for plaintiff, Julian T. Abeles, New York City, of counsel.

Mendes & Mount, New York City, for defendant, Frank A. Bull, and William P. Moyles, New York City, of counsel.

WEINFELD, District Judge.

Defendant moves, pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S.C., to dismiss the complaint on the grounds: (1) that the Court lacks jurisdiction, since the action is not one arising under the Constitution or laws of the United States (diversity of citizenship concededly does not exist), and (2) that it fails to state a claim against the defendant upon which relief can be granted.

The complaint states that the action "arises under" the Copyright Law.[1] In substance, it alleges that the plaintiff is the owner of the copyright on a musical composition; that the defendant has falsely represented and continues falsely to represent to prospective users that through plaintiff's authorization it has the right to use and authorize the use of recordings of the song in a specifically

1. Title 17 U.S.C.

identified motion picture and to make duplicate recordings and copies for television broadcasts; that the defendant never has been so authorized by plaintiff and that the exercise of such rights will constitute an infringement of the plaintiff's copyright in said musical composition.

The complaint further alleges that by reason of the defendant's representations a conflict has arisen as to defendant's authority to exercise such rights and there is an actual controversy with respect thereto. The relief requested is a judgment under the Declaratory Judgment Act[2] that the defendant was never authorized by plaintiff to exercise any rights in the music and that defendant does not have any such rights.

The basis of the defendant's motion to dismiss for lack of jurisdiction is that a threatened infringement of a copyright does not give rise to a claim under the Copyright Law, and that in the absence of diversity of citizenship, the Court is without power to entertain such a suit. In short, the defendant asserts that the Court has jurisdiction only in instances of actual infringement.

■ Contrary to the defendant's contention, decisional law is otherwise. The Courts have repeatedly held that an action to enjoin a threatened infringement of the rights of a copyright owner is one arising under the Copyright Law of the United States.[3] And the right may be enforced under the Declaratory Judgment Act.[4]

■ However, the question remains whether the plaintiff alleges such conduct on the part of the defendant as to amount to threatened invasion of the plaintiff's rights. Viewing the allegations of the complaint liberally, it cannot be said that sufficient is set forth to charge threatened infringement of plaintiff's copyright. The complaint alleges that the defendant has "represented and asserted" that it has the right to use and authorize the use of plaintiff's song. The mere assertion by one in general terms of a claimed right without an accompanying act or threatened act to implement the asserted right is not sufficient to state a charge of threatened infringement of the plaintiff's copyright. One may assert a right, yet undertake no step or move to enforce it. Until some action or conduct based upon the asserted right is threatened, there is no enforceable claim for relief under the Copyright Act. In order to sustain a claim for threatened infringement, it must appear that one is "about to infringe or take some action which is prejudicial"[5] to the rights of a copyright owner. Or, as otherwise stated, "threatened acts of infringement may be enjoined, if the opportunity and the intent to infringe are present."[6]

Perhaps the complaint in its present posture alleges a cause of action for "slander of title", "disparagement", or some other common law action based on false claims,[7] but it does not allege any cause of action "arising under" the Copyright Act.

While not directly in point, an analogous situation was considered by the Supreme Court in American Well Works Co. v. Layne and Bowler Co.[8] The Court there held that the plaintiff's claim that the defendant made "statements to various people that the plaintiff was infringing the defendants' patent, and that the defendant would sue both seller and buyer if the plaintiff's pump was used" did

---

2. 28 U.S.C. §§ 2201, 2202.

3. L. C. Page & Co. v. Fox Film Corp., 2 Cir., 83 F.2d 196, 200; Historical Pub. Co. v. Jones Bros. Pub. Co., 3 Cir., 231 F. 638, 644; Harper Bros. v. Klaw, D.C.S.D.N.Y., 232 F. 609, 611.

4. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671–672, 70 S.Ct. 876, 94 L.Ed. 1194. See also Borchard, Declaratory Judgments 231–34 (2d ed. 1941).

5. Borchard, Declaratory Judgments 807 (2d ed. 1941).

6. Matthews v. Allen, 4 Cir., 182 F.2d 824, 828.

7. See Prosser on Torts § 108 (2d ed. 1955).

8. 241 U.S. 257, 36 S.Ct. 585, 586, 60 L. Ed. 987.

**834**

not constitute an action arising under the patent laws and whether or not a valid claim was asserted was dependent upon State law.[9]

The motion to dismiss for lack of jurisdiction is denied.

The motion to dismiss for failure to state a claim is granted, but with leave to plaintiff to serve an amended complaint setting forth allegations, if it is in a position to do so, to indicate some act or conduct of the defendant amounting to a threatened infringement of plaintiff's copyright.

Settle order on notice.

9. See also Stange v. Warshawsky, D.C. S.D.N.Y., 8 F.Supp. 262; Van Kannell

Revolving Door Co. v. Revolving Door & Fixture Co., D.C.S.D.N.Y., 293 F. 261.