Vincent J. ROKUS, Plaintiff,

v.

AMERICAN BROADCASTING COMPANY, INC., Defendant.

No. 84 Civ. 4361 (EW).

United States District Court, S.D. New York.

Nov. 6, 1984.

Vincent J. Rokus, plaintiff pro se.

Hawkins, Delafield & Wood, New York City (Thomas W. Pippert, New York City, of counsel), for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

The defendant, the American Broadcasting Company, Inc. ("ABC"), moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint upon the ground that the plaintiff, Vincent Rokus, has failed to state claims upon which relief can be granted. For the reasons stated below, the motion is granted and the complaint is dismissed in its entirety.

According to the allegations of the complaint, which are taken as admitted for the purposes of this motion,[1] plaintiff is the author of a copyrighted musical recording that he seeks to advertise for sale to the public. He produced a television commercial incorporating the recording, submitted to ABC an order for a test run of the commercial on ABC's local New York station, and paid ABC an advance toward expenses. This action arose when ABC refused to broadcast the commercial for editorial reasons, despite plaintiff's consent to delete portions of the commercial as requested by ABC. Thereupon, plaintiff, appearing *pro se*,[2] commenced this action in which he seeks an order directing defendant to broadcast the commercial with no deletions and an award of compensatory and punitive damages. He asserts various federal claims purportedly arising under the Copyright Act of 1976,[3] Title Fifteen of the United States Code, the First Amendment to the Constitution, and the Communications Act of 1934.[4] He also asserts claims arising under state law. As will be

---

1. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969).

2. It appeared to this Court that the complaint had been drawn by an attorney. When questioned upon the matter at oral argument, plaintiff acknowledged that he had had the assistance of an attorney. In any event, see generally *Morpurgo v. Board of Higher Educ.*, 423 F.Supp. 704, 713–14 (S.D.N.Y.1976) ("Although pro se

civil rights complaints must be viewed with some latitude, liberal construction of pleadings should not be permitted to override completely the rights of defendants.").

3. 17 U.S.C. § 101 *et seq.* (1983).

4. 47 U.S.C. § 151 *et seq.* (1983).

shown, each of plaintiff's federal claims fails to state a cause of action upon which relief can be granted and must be dismissed. Consequently, his state law claims, whether valid or not, must be dismissed for lack of subject matter jurisdiction.

■ As to the Copyright Act, plaintiff alleges that ABC coerced him into agreeing to delete the name of his copyrighted musical recording from the commercial and that broadcasting the commercial without the name would have infringed upon his copyright. To state a valid claim of copyright infringement, plaintiff must allege that defendant copied from his copyrighted work and that the copying (assuming it to be proved) went so far as to constitute improper appropriation.[5] Plaintiff, however, does not allege that ABC copied or made any use of his commercial or his copyrighted recording. Indeed, the gravamen of his complaint is that ABC refused to broadcast the commercial. Consequently, plaintiff has failed to state a claim of copyright infringement. Nor, as he contends, has he stated a claim of threatened copyright infringement, for he has not alleged that ABC is " 'about to infringe or take some action which is prejudicial' to the rights of a copyright owner."[6] Whether or not defendant at one time intended to broadcast the commercial without the name of the recording, there is no allegation that that intention is now present. Therefore, injunctive relief cannot now be granted.[7] The Court need not consider whether such a broadcast would infringe upon plaintiff's alleged copyright in the recording.

■ As to Title Fifteen, plaintiff alleges that defendant sought to restrain him from advertising and marketing his product in interstate commerce in violation of "the commercial laws of the United States, including Title 15 of the U.S. Code and public policy." Plaintiff states that he does not rely upon the federal antitrust laws but fails to state, not only in his complaint and his brief but upon questioning at oral argument, upon which provision of federal law he does rely. His contention in his brief that ABC may have used "unfair and deceptive trade practices" may not be regarded as a statement of a claim under the Federal Trade Commission Act, which prohibits "unfair or deceptive acts or practices in or affecting commerce,"[8] because the provisions of the Act may be enforced only by the Federal Trade Commission. The Act gives neither competitors nor consumers standing to enforce its provisions.[9] Although plaintiff need not set out the legal theory on which the claim is based, his statement of the claim must show that he is entitled to relief.[10] Insofar as this claim is concerned, plaintiff has failed to identify any legal basis upon which the Court can grant relief, and the claim is dismissed.

■ As to the First Amendment, plaintiff essentially claims that defendant violated his constitutionally guaranteed rights of freedom of expression by attempting to censor his work. The "cases are legion that the First Amendment's prohibition against restrictions upon speech and the press 'is a restraint on governmental action, not that of private persons.' "[11]

5. *Hoehling v. Universal City Studios, Inc.,* 618 F.2d 972, 977 (2d Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980); *Arnstein v. Porter,* 154 F.2d 464, 468 (2d Cir.1946); *Giangrasso v. CBS, Inc.,* 534 F.Supp. 472, 475 (E.D.N.Y.1982).

6. *Southern Publishing Co. v. C & C Films, Inc.,* 171 F.Supp. 832, 833 (S.D.N.Y.1959) (quoting Borchard, Declaratory Judgments 807 (2d ed. 1941)).

7. *See id.*

8. 15 U.S.C. § 45(a)(1) (1983).

9. *See Alfred Dunhill Ltd. v. Interstate Cigar Co.,* 499 F.2d 232, 237 (2d Cir.1974); *Bailey Employment System, Inc. v. Hahn,* 545 F.Supp. 62, 72 (D.Conn.1982), *aff'd,* 723 F.2d 895 (2d Cir.1983) (mem.).

10. *See Siegelman v. Cunard White Star Ltd.,* 221 F.2d 189, 196 (2d Cir.1955); *see also Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Michael v. Clark Equip. Co.,* 380 F.2d 351, 352 (2d Cir.1967).

11. *Levitch v. CBS, Inc.,* 495 F.Supp. 649, 656 (S.D.N.Y.1980) (quoting *CBS, Inc. v. Democratic Nat'l Comm.,* 412 U.S. 94, 114, 93 S.Ct. 2080, 36

Plaintiff alleges no facts, other than ABC's status as a broadcaster licensed and regulated by the Federal Communications Commission ("FCC"), to support his contention that ABC's alleged attempt to censor his commercial constituted "federal action." However, ABC's status as a federally licensed and regulated broadcaster does not transform its conduct into governmental action for purposes of the First Amendment unless the FCC either expressly approved or campaigned for the challenged conduct of the broadcaster.[12] There is no allegation of any action, direct or indirect, involving the FCC in the matters that are at the core of plaintiff's claims. It is not alleged that the FCC either approved or disapproved of the defendant's challenged conduct. The Supreme Court has not directly decided whether the FCC's statutory authority to license and regulate broadcasting companies is sufficient, without more, to convert their action into governmental action.[13] However, the Court's decision in *Jackson v. Metropolitan Edison Co.*[14] supports the conclusion that the FCC's statutory authority by itself is not sufficient to make ABC's alleged attempt at censorship attributable to the federal government for purposes of the First Amendment. On the facts alleged here, there has been no nexus between the FCC and the challenged conduct on the part of the defendant.

As to the Communications Act, plaintiff alleges that ABC, as a federally licensed broadcaster, violated its commitment to serve the public interest and the "'public interest' requirement" of sections 307(d) and 309(a) of the Act. To the extent that plaintiff seeks to enforce provisions of the Act, a function that Congress vested in the FCC, he fails to state a valid claim. Neither section 309(a) nor the Act in general provides a private right of action.[15] To the extent that plaintiff asserts a private right of access to the broadcast media for the purpose of making an editorial advertisement, his claim must also be dismissed. Neither the Act nor the First Amendment requires ABC to sell commercial time to

---

L.Ed.2d 772 (1973)), *aff'd*, 697 F.2d 495 (2d Cir.1983) (per curiam); *see Kuczo v. Western Conn. Broadcasting Co.*, 566 F.2d 384, 387 (2d Cir.1977).

**12.** *See Levitch*, 495 F.Supp. at 656–58; *Gemini Enters., Inc. v. WFMY Television Corp.*, 470 F.Supp. 559, 567 (M.D.N.C.1979); *Post v. Payton*, 323 F.Supp. 799, 803–04 (E.D.N.Y.1971); *see also Belluso v. Turner Communications Corp.*, 633 F.2d 393, 399 (5th Cir.1980); *Kuczo*, 566 F.2d at 387–88.

**13.** In *Democratic Nat'l Comm.*, 412 U.S. 94, 93 S.Ct. 2080, 36 L.Ed.2d 772, which involved a broadcast licensee's refusal to accept editorial advertisements, the Chief Justice and three Justices found there was no governmental action, two Justices found there was, and three Justices declined to reach the issue.

**14.** 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). The respondent in *Jackson* was a privately owned and operated utility company that held a certificate of public convenience issued by the Pennsylvania Public Utility Commission. Under a provision of its general tariff filed with the Commission, the respondent had the right to discontinue service to any customer on reasonable notice of nonpayment of bills. Regarding this practice, the Court stated:

> The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.... Approval by a state utility commission of such a request from a regulated utility, where the commission has not put its own weight on the side of the proposed practice by ordering it, does not transmute a practice initiated by the utility and approved by the commission into "state action." At most, the Commission's failure to overturn this practice amounted to no more than a determination that a Pennsylvania utility was authorized to employ such a practice if it so desired. Respondent's exercise of the choice allowed by state law where the initiative comes from it and not from the State, does not make its action in doing so "state action" for purposes of the Fourteenth Amendment.

*Id.* at 350, 357, 95 S.Ct. at 453, 456 (footnotes omitted).

**15.** *See Schnapper v. Foley*, 667 F.2d 102, 116 (D.C.Cir.1981) (no private right of action under § 309(a)), *cert. denied*, 455 U.S. 948, 102 S.Ct. 1448, 71 L.Ed.2d 661 (1982); *Daly v. CBS, Inc.*, 309 F.2d 83, 85 (7th Cir.1962); *Post*, 323 F.Supp. at 801–02; *Ackerman v. CBS, Inc.*, 301 F.Supp. 628, 631 (S.D.N.Y.1969); *Gordon v. NBC*, 287 F.Supp. 452, 455 (S.D.N.Y.1968); *see also Lechtner v. Brownyard*, 679 F.2d 322, 326–27 (3d Cir.1982) (Personal Attack Rule, 47 C.F.R. § 73.1920); *Belluso*, 633 F.2d at 396–97 (§ 315(a)).

persons wishing to discuss controversial issues.[16]

In view of plaintiff's failure to state a valid claim under federal law, his state law claims, whether for breach of contract, unfair competition, *prima facie* tort, tortious interference with precontractual negotiations, or otherwise, must be dismissed for lack of subject matter jurisdiction to dispose of them. Plaintiff has not alleged diversity of citizenship of the parties and, since his federal claims are dismissed before trial, the Court declines to exercise pendent jurisdiction over the state law claims.[17] Accordingly, the defendant's motion to dismiss the complaint in its entirety is granted.

So ordered.

---

16. *See Democratic Nat'l Comm.,* 412 U.S. 94, 93 S.Ct. 2080, 36 L.Ed.2d 772; *Gemini Enters.,* 470 F.Supp. at 568.

17. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Brontel, Ltd. v. City of New York,* 571 F.Supp. 1065, 1073 (S.D.N.Y.1983).