**M.T. MEHDI, et al., Plaintiffs,**

v.

**Phil BOYCE, etc., et al., Defendants.**

**96 Civ. 2065 (LAK).**

United States District Court,
S.D. New York.

July 18, 1996.

M.T. Mehdi, pro se.

Robert P. LoBue, Joel A. Kirsch, Patterson, Belknap, Webb & Tyler, L.L.P., for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiffs M.T. Mehdi, Ghazi Khankan and National Council of Islamic Affairs, acting *pro se,* individually and on behalf of an alleged class of American Muslims, sue WABC Radio, its former president, and its station manager, Phil Boyce, to compel WABC to include a Muslim panelist on its weekly program entitled "Religion on the Line." Plaintiffs' claim, as best it may be understood, asserts a constitutional right of access to the airwaves and contends that WABC's failure to have a Muslim on the panel violates Title VII of the Civil Rights Act of 1964 as well as other unspecified "anti–Discrimination laws of the United States." Defendants move to dismiss for failure to state a claim upon which relief may be granted. As there are fatal defects in each theory asserted in the complaint, the motion is granted.

■ First, the Constitution guarantees freedom of speech only as against governmental interference. *E.g., Columbia Broadcasting System, Inc. v. Democratic National Committee,* 412 U.S. 94, 93 S.Ct. 2080, 36 L.Ed.2d 772 (1973); *Kuczo v. Western Connecticut Broadcasting Co.,* 566 F.2d 384, 387 (2d Cir.1977). The issue therefore is whether WABC in these circumstances engaged in governmental action.

■ In *Kuczo,* the Second Circuit squarely held that a radio station that censored the plaintiff's political advertisements in violation of FCC policy did not engage in governmental action. It therefore directed dismissal of an action seeking relief on the theory that

the censorship violated the plaintiff's constitutional rights. Assuming, *arguendo,* that plaintiffs are correct that WABC's actions fail to serve the public interest in violation of the terms of its FCC license, there is no meaningful distinction between *Kuczo* and this case. Nor is there any suggestion in this complaint that the Federal Communications Commission ("FCC") or any other governmental agency required, encouraged or, indeed, is aware of WABC's actions. *Cf. Rokus v. American Broadcasting Co., Inc.,* 616 F.Supp. 110, 113 & n. 12 (S.D.N.Y.1984) (censorship by FCC licensed broadcaster not state action unless approved or encouraged by FCC). Accordingly, the Court concludes that WABC's actions—right or wrong, fair or unfair—implicate no interest protected by the Constitution.

■ The employment discrimination claim stands no better. Neither the complaint nor plaintiff's papers in opposition to the motion to dismiss allege that plaintiffs have filed a charge with the Equal Employment Opportunity Commission or the New York State Division of Human Rights. Failure to file such a charge is a jurisdictional barrier to commencement of a suit under Title VII. 42 U.S.C. § 2000e–5(e) (1988); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973); *Guardians Ass'n of the New York City Police Dept., Inc. v. Civil Service Comm'n of the City of New York,* 633 F.2d 232, 237 n. 7 (2d Cir.1980). Accordingly, the Court dismisses any claim asserted by plaintiffs under Title VII for lack of subject matter jurisdiction.[1]

---

1. Even if the Court were to reach the merits of plaintiffs' Title VII claim, it would grant defendants' motion to dismiss on two bases.

 Plaintiffs allege that the panel of the radio program at issue consists of a rabbi, a Protestant minister and a Catholic priest. (Cpt ¶ 1) None is alleged to be employed by WABC. Nor does the complaint, which seeks only to have WABC compelled to include on the show one of four Muslim panelists to be nominated by plaintiffs, suggest that such a nominee would be employed by the station. Indeed, the complaint does not even allege that the panelists are paid. Title VII of the Civil Rights Act of 1964 forbids discrimination in employment. Whatever legal standard governs the definition of "employee" for Title VII purposes, the term "employee" does not extend

 to radio panelists of the sort at issue here. *See, e.g., Wilde v. County of Kandiyohi,* 15 F.3d 103, 104–06 (8th Cir.1994); *Vakharia v. Swedish Covenant Hosp.,* 765 F.Supp. 461 (N.D.Ill.1991). Accordingly, there would be no basis for a Title VII claim.

 Moreover, the complaint does not allege that either of the individual plaintiffs, Mr. Mehdi and Mr. Khankan, nor any member of plaintiff NCIA, is qualified to serve as a panelist on the radio program in question, in fact applied to defendants for such a position and was rejected, or even considered applying. Without such allegations, plaintiffs fail to state a claim under Title VII. *See Newark Branch, Nat'l Ass'n for the Advancement of Colored People v. Town of Harrison,* 907 F.2d 1408, 1415 (3d Cir.1990); *Julian v.*

 Plaintiffs' fundamental complaint is that Islam—a religion embraced by more than one-fourth of humankind, with more than ten million adherents in the United States—ought to be represented in the public service activities of a federally licensed radio station. Given the nongovernmental character of most broadcasters and the current statutory scheme regulating them,[2] that complaint is more appropriately directed to Congress than to the courts.

The constitutional and other federal claims save that under Title VII are dismissed for failure to state a claim upon which relief may be granted. The Title VII claim is dismissed for lack of subject matter jurisdiction and, alternatively, failure to state a claim. Any state law claims are dismissed for lack of subject matter jurisdiction.

SO ORDERED.

New York City Transit Auth., 857 F.Supp. 242, 249 (E.D.N.Y.1994).

**2.** There is no private right of action available under the Communications Act of 1934, 47 U.S.C. §§ 151 et seq., that would permit the Court to pass judgment in this action, as plaintiffs would have it do, on whether WABC is operated in the public interest. See, e.g., Forbes v. Arkansas Educational Television Communication Network Fdn., 22 F.3d 1423, 1427 (8th Cir. 1994); DeYoung v. Patten, 898 F.2d 628, 633–34 (8th Cir.1990); Lechtner v. Brownyard, 679 F.2d 322, 325–27 (3d Cir.1982); Rokus v. American Broadcasting Co., Inc., 616 F.Supp. 110, 113 & n. 15 (S.D.N.Y.1984).