Patsy Sawyer BROWN, Plaintiff,

v.

CONNECTICUT GENERAL LIFE IN-
SURANCE CO., a corporation,
Defendant.

Katharyn Mary Ann BROWN,
Plaintiff–Appellant,

v.

Patsy Sawyer BROWN, Connecticut
General Life Insurance Co., a
corporation, Defendants–Appellees.

No. 90–7460.

United States Court of Appeals,
Eleventh Circuit.

June 27, 1991.

**1194**

James W. Porter, II, Porter, Porter & Hassinger, P.C., Birmingham, Ala., for plaintiff.

Herndon Inge, Jr., Inge, McMillian, Adams, Coley & Ledyard, Mobile, Ala., for Katharyn Mary Ann Brown.

Timothy A. Palmer and Lawrence B. Clark, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for defendants-appellees.

Before JOHNSON and COX, Circuit Judges, and GODBOLD, Senior Circuit Judge.

COX, Circuit Judge:

## I. BACKGROUND

Katharine and Stirling Brown were married from August 1958 until March 1982.[1] At the time of their divorce, Mr. Brown was employed by International Paper Company at their Mobile, Alabama plant. Mr. Brown was a participant under a group life insurance plan established by International Paper as part of an employee benefit package. The Browns' divorce agreement, which was incorporated in the divorce decree, provided "[t]hat the Defendant [Stirling Brown] shall keep the Plaintiff [Katharine Brown] as beneficiary on the life insurance now in effect on his life for as long as she remains unmarried."

In March 1983, Mr. Brown married Patsy Sawyer. Mr. Brown's employment relationship with International Paper ended in May 1983. As a result of the termination of his employment with International Paper, Mr. Brown ceased to be covered under International Paper's group life insurance plan.

Thereafter, Mr. Brown secured employment with Rust International Corporation in Birmingham, Alabama. Rust, like International Paper, offered its employees a group life insurance plan as part of an employee benefit package. This plan is subject to provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001 *et seq.* (ERISA). Connecticut General Life Insurance Company provided life insurance under Rust's plan. Mr. Brown participated in Rust's group life insurance plan and designated his wife, Patsy, as the beneficiary.

On April 30, 1989, Mr. Brown died. Connecticut General was prepared to pay Patsy Brown, the designated beneficiary, the proceeds of the policy. On August 2, 1989, Katharine Brown filed an action in the Circuit Court of Mobile County, Alabama against Connecticut General and Patsy Brown seeking an order requiring Connecticut General to pay her the proceeds of the policy. She claims she is the rightful beneficiary of the policy because of the agreement with Mr. Brown incorporated in their divorce decree. Alternatively, Katharine Brown requests that the court impose a constructive trust in her favor on the proceeds of the policy already distributed.

On August 17, 1989, Patsy Brown filed a complaint against Connecticut General seeking payment of the proceeds of the policy. Her complaint was filed in the district court for the Northern District of Alabama at Birmingham. Connecticut General answered the complaint and also filed a cross-claim against Katharine Brown. Connecticut General and Patsy Brown then jointly filed a petition for removal of Katharine Brown's action from

---

**1.** In various documents in the court file, this appellant's name is sometimes spelled Katharine Brown, sometimes spelled Katherine Brown and sometimes spelled Katharyn Brown; they are one and the same person. We will refer to her as Katharine Brown.

state court to the federal court for the Southern District of Alabama at Mobile, pursuant to 28 U.S.C.A. § 1441(b). Thereafter, the district court, pursuant to 28 U.S.C.A. § 1404(a) and at the request of Connecticut General and Patsy Brown, transferred the case to the Northern District of Alabama. The cases were then consolidated.

The court, on cross motions for summary judgment, granted summary judgment in favor of Patsy Brown, ruling that she was entitled to the proceeds of Mr. Brown's life insurance policy with Connecticut General. Katharine Brown appeals that ruling.

## II. ISSUES ON APPEAL

Katharine Brown argues: (1) that her state court action was improperly removed to federal court because her claim does not arise under the laws of the United States, and therefore the district court lacked subject matter jurisdiction; (2) alternatively, that the district court, if it had jurisdiction, should have abstained in favor of the state court; (3) that the federal court at Mobile improperly transferred her case to the federal court at Birmingham; and (4) that the district court erred in failing to provide her relief on the merits.

## III. DISCUSSION

### A. Removal and Jurisdiction

Initially, we will address Katharine Brown's argument that her case was improperly removed and that the district court therefore lacked subject matter jurisdiction. Removal jurisdiction was predicated upon 28 U.S.C.A. § 1441(b), so resolution of this issue depends upon whether the claim "arises under the ... laws of the

United States" within the meaning of section 1441(b).[2] The district court concluded that removal was proper because the claim was preempted by section 514(a) of ERISA, 29 U.S.C.A. § 1144(a).[3] Katharine Brown maintains that her claim arises under state law and is not preempted by ERISA.

■ A plaintiff's state law claim is preempted by section 514(a) if the claim "relates to an[ ] employee benefit plan...." The Supreme Court has given that phrase a broad common sense meaning, so that a state law claim "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The parties do not dispute that Mr. Brown's group life insurance policy established by Rust and issued by Connecticut General was an employee benefit plan under section 4(a) of ERISA, 29 U.S.C.A. § 1003(a). Katharine Brown's claim for an order declaring her the rightful beneficiary and requiring Connecticut General to pay her the benefits of the policy clearly has a connection with an employee benefit plan. *See McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir.1990). (The determination of the beneficiary of the proceeds of an insurance policy plainly relates to an employee benefit plan). Katharine Brown's claim, therefore, is preempted by ERISA.

■ We now turn to the question of whether this preempted claim arises under the laws of the United States within the meaning of 28 U.S.C.A. § 1441(b). As a general rule, a cause of action arises under the laws of the United States only when the plaintiff's well-pleaded complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107

**2.** 28 U.S.C.A. § 1441(b) provides, in pertinent part:

    **(b)** Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C.A. § 1441(b) (West 1973).

**3.** Section 514(a) of ERISA, codified at 29 U.S.C.A. § 1144(a), provides in pertinent part:

    Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C.A. § 1144(a) (West 1985).

S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). In determining whether a complaint raises issues of federal law, a court must look solely to what " 'appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defense which it is thought the defendant may interpose.' " *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914)). This is known as the well-pleaded complaint rule.

■ Generally, preemption is simply a federal defense to a plaintiff's suit that will not appear on the face of the plaintiff's well-pleaded complaint. Because preemption does not appear on the face of the well-pleaded complaint, a preempted state claim does not arise under the laws of the United States and cannot authorize removal to federal court. *Metropolitan Life*, 481 U.S. at 63, 107 S.Ct. at 1546. An exception to this rule is when Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63–64, 107 S.Ct. at 1546. The effect of this exception is to convert what would ordinarily be a state claim into a claim arising under the laws of the United States. *Id.* at 64, 107 S.Ct. at 1547. *See also Amos v. Blue Cross–Blue Shield of Alabama*, 868 F.2d 430, 432 (11th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 158, 107 L.Ed.2d 116 (1990); *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 282 (11th Cir.1987). This conversion of what would otherwise be state law claims into federal claims can be labeled "super preemption" to distinguish it from ordinary preemption, which does not have that effect.

■ The Supreme Court has determined that ERISA "completely preempt[s]" the area of employee benefit plans and thus converts state law claims into federal claims when the state law claim is preempted by ERISA and also falls within the scope of the civil enforcement section of ERISA, Section 502(a), 29 U.S.C.A. § 1132(a). *Metropolitan Life*, 481 U.S. at 64, 107 S.Ct. at 1547. We have already concluded that the claim in question is preempted by ERISA. We also conclude that the claim falls within the civil enforcement section of ERISA. Katharine Brown seeks to recover benefits under the plan as the rightful beneficiary of Mr. Brown's insurance policy. Her claim is easily characterized as a suit by a potential beneficiary [4] to recover benefits under a plan and thus within section 502(a)(1)(B), 29 U.S.C.A § 1132(a)(1)(B).[5] Katharine Brown's state law claim, as a result of "super preemption," is therefore converted into a federal claim that arises under the laws of the United States. The case was properly removed from state court to federal court pursuant to 28 U.S.C.A. § 1441(b) and the federal court had subject matter jurisdiction.[6]

### B. Transfer

■ Katharine Brown next argues that her case was improperly transferred from the Southern District of Alabama to the Northern District of Alabama. The district court transferred the case pursuant

---

**4.** We conclude that the term "Beneficiary" as defined in 29 U.S.C.A. § 1002(8) (West Supp. 1990), is broad enough to include the ex-wife of a participant of a plan, when she seeks benefits under the plan. *See Sladek v. Bell Sys. Management Pension Plan*, 880 F.2d 972, 978–90 (7th Cir.1989).

**5.** 29 U.S.C.A. § 1132(a)(1)(B) provides:
    A civil action may be brought—
      **(1)** by a participant or beneficiary—
    .    .    .    .    .
      **(B)** to recover benefits due to him under the terms of his plan, to enforce his rights

under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
29 U.S.C.A. § 1132(a)(1)(B) (West 1985).

**6.** Katharine Brown, alternatively, argues that the federal court should have abstained in favor of state court deciding this case. We find this argument to be without merit and thus it does not require discussion.

to 28 U.S.C.A. § 1404(a).[7] The decision to transfer a case to another district is left to the sound discretion of the trial court. *Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir. Unit B July 1981),[8] *cert. denied,* 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982). Absent a clear abuse of discretion, an appellate court will not reverse a court's decision to transfer a case. *Id.* We cannot conclude that the court abused its discretion in transferring the case. No matter where the case was heard, some party to this litigation would suffer a financial hardship. It was important that both these cases proceed in a single district to permit consolidation.

### C. Merits

The district court determined that Patsy Brown, as the named beneficiary, was entitled to the policy proceeds. Katharine Brown raises several issues on this appeal relative to that determination. The district court's opinion reflects a thorough and careful analysis, and we find Katharine Brown's challenges to that analysis to be without merit.

### IV. CONCLUSION

We affirm the judgment of the district court.

AFFIRMED.

JOHNSON, Circuit Judge, dissenting:

I do not believe this Court has jurisdiction in this case. The majority and I differ because I conclude that this case is not an ERISA civil enforcement action and that the state law claims are not pre-empted. I therefore find it necessary to dissent.

The case at hand was removed to federal court from state court. The Supreme Court in *Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), held that a case may be removed to federal court only if the original complaint could have been properly brought in federal court. *Id.* at 8, 103 S.Ct. at 2845–46. There are only two possible bases of jurisdiction found in Article III, section 2 of the Constitution which could be relevant to the case at hand: diversity jurisdiction and federal question jurisdiction. Diversity of citizenship does not exist in the present case.[1] And the plaintiff, in her complaint, did not assert any federal claim which could give rise to federal question jurisdiction.

The Supreme Court in *Franchise Tax Board* created a structure for analyzing federal question jurisdiction. The courts have federal question jurisdiction when a cause of action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West 1966). The *Franchise Tax Board* court held that when determining federal question jurisdiction the Courts should first apply Justice Holmes' famous dictum that a "suit arises under the law that creates the cause of action." *Franchise Tax Board,* 463 U.S. at 8–9, 103 S.Ct. at 2846 (quoting *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916)). If the law creating the cause of action is state law there cannot be federal question jurisdiction *unless* one of two conditions is present. *Id.* 463 U.S. at 13, 103 S.Ct. at 2848. The complaint must include "some substantial, disputed question of federal law [as] a necessary element of one of the well-pleaded state claims, or

---

7. 28 U.S.C.A. § 1404(a) provides:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
   28 U.S.C.A. § 1404(a) (West 1976).

8. In *Stein v. Reynolds Sec., Inc.,* 667 F.2d 33, 34 (11th Cir.1982), this court adopted as binding precedent all decisions of Unit B of the former Fifth Circuit.

1. While Katharine Brown, an Alabama resident, sued Connecticut General Life Insurance Company, a Connecticut corporation with its principle place of business in Connecticut, she also sued Patsy Sawyer Brown, an Alabama resident, as a second defendant. Under the complete diversity rule of *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), the presence of an Alabama resident on both sides of the suit is sufficient to defeat diversity.

[one of the state claims must] 'really' [be a] federal claim." *Id.*

It is clear that the law creating the cause of action is state law. The plaintiff's complaint asks for a declaratory judgment under state law that the divorce decree is binding and it requests a constructive trust on the insurance proceeds. The first mention of ERISA occurred when the defendants filed their joint notice of removal. The actions of the defendants do not affect the plaintiff's complaint. It is axiomatic that the plaintiff controls her own complaint and that she alone may decide which claims to advance. *See The Fair v. Kohler Die and Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411–12, 57 L.Ed. 716 (1913). The plaintiff did not include a federal claim in her complaint and we are bound to respect that wish.

In order to find federal question jurisdiction we must determine whether the state causes of action in Katharine Brown's complaint are really federal causes of action. Neither party suggests that ERISA is a necessary element of one of the well-pleaded state claims. The majority found that ERISA pre-empts the plaintiff's complaint and that this pre-emption is sufficient to convert the state law claim into a federal claim. I disagree with the majority's conclusion.

First, Section 514(a) of ERISA does not pre-empt Katharine Brown's attempt to invoke state law to collect on a judgment rendered in state court pursuant to her divorce decree. The majority concludes that ERISA pre-empts Katharine Brown's causes of action. Her first cause of action is a request for a declaratory judgment interpreting her divorce decree. This cause of action cannot be pre-empted because Congress amended ERISA with the Retirement Equity Act of 1984, 29 U.S.C.A. §§ 1056(d)(3), 1144(b)(7) (West 1985), which modifies the supremacy provisions contained in ERISA. Section 514(a) of ERISA states that ERISA "supersedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C.A. § 1144(a). However, the Retirement Equity Act specifically ex-empted qualified domestic relations orders from this pre-emption clause. 29 U.S.C.A. § 1144(b)(7). This case involves a qualified domestic relations order, as defined in 29 U.S.C.A. § 1056(d)(3)(B)(i). Therefore, ERISA does not pre-empt a declaratory judgment interpreting a divorce decree. Katharine Brown's second cause of action, the request for a constructive trust, is also not pre-empted. A request for a constructive trust in order to satisfy the mandates of a state court ordered divorce decree is functionally similar to garnishing benefits to satisfy other state court judgments. The Supreme Court in *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), specifically held that a garnishment order is not pre-empted by section 514(a) of ERISA. Therefore ERISA does not pre-empt either cause of action.

Second, assuming that there is pre-emption, the Supreme Court in *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), held that "ERISA preemption, without more, does not convert a state claim into an action arising under federal law." *Id.* at 64, 107 S.Ct. at 1547. However, the *Metropolitan Life Insurance Co.* Court noted that one class of ERISA cases constitutes an exception to the preceding rule. The Court held that civil enforcement actions, that should be brought under § 502(a) of ERISA, can be brought only as federal ERISA claims. The Court held that if an individual attempts to bring a state law equivalent of this claim, such a state law claim is completely pre-empted and removal can occur even when the complaint fails to mention ERISA.

Therefore, we have jurisdiction over this action *only* if this claim can be fairly termed a civil enforcement action under § 502(a) of ERISA. The majority holds that this is a civil enforcement action. Civil enforcement actions, however, can be brought only by the Secretary of Labor, fiduciaries, participants and beneficiaries. 29 U.S.C.A. § 1132 (West 1985). Katharine Brown is not the Secretary of Labor and she is not a fiduciary. *See* 29 U.S.C.A. § 1002(21) (West 1985). Katharine Brown

is also not a participant or a beneficiary of this plan. A participant is an employee "who is or may become eligible to receive a benefit" from an employee benefit plan. 29 U.S.C.A. § 1002(7) (West 1985). A beneficiary is "a person designated by a participant" to receive benefits under the plan. 29 U.S.C.A. § 1002(8) (West 1985). It is undisputed that the late Mr. Brown was the participant and that Patsy Brown is the named beneficiary of the plan. Therefore, Katharine Brown cannot bring a civil enforcement suit.