STATE OF WISCONSIN and City of Milwaukee, Plaintiffs,

v.

MISSIONARIES TO THE PREBORN, an unincorporated association, et al., Defendants.

No. 92–C–614.

United States District Court, E.D. Wisconsin.

June 15, 1992.

James E. Doyle, Atty. Gen. by Peter C. Anderson, Laura Sutherland and Burneatta L. Bridge, Asst. Attys. Gen., Madison, Wis., for State of Wis.

Grant Langley, City Atty. by Rudolph M. Konrad, Deputy City Atty., Monica Rinai, Kim Kucik, Asst. City Attys., Milwaukee, Wis., for City of Milwaukee.

Craig L. Parshall, Kenneth M. Fleck, Menomonee Falls, Wis., Ronald S. Koener, Brookfield, Wis., William R. Kerner, Wauwatosa, Wis., Craig L. Parshall, Menomenee Falls, Wis., for defendants, appearing through the Rutherford Institute, Wisconsin Chapter.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

This removal action brings before the court an issue that continues to be the subject of emotional debate—and much litigation—nearly two decades after the Supreme Court defined the constitutional scope of a woman's right to terminate her pregnancy in *Roe v. Wade*, 410 U.S. 113, 164–66, 93 S.Ct. 705, 732–33, 35 L.Ed.2d 147 (1973). *See, e.g., Women's Health Care Services v. Operation Rescue*, 773 F.Supp. 258 (D.Kan.1991). *National Organization for Women v. Operation Rescue*, 747 F.Supp. 760 (D.D.C.1990); *National Organization for Women v. Operation Rescue*, 726 F.Supp. 1483, *aff'd* 914 F.2d 582 (4th Cir.1990); *Roe v. Operation Rescue*, 710 F.Supp. 577 (E.D.Pa.1989).

The plaintiffs, the state of Wisconsin and the city of Milwaukee, commenced this action with the filing of their complaint in the Wisconsin circuit court for Milwaukee county. The complaint asserts that the defendants, 32 "pro-life" activists and two of their unincorporated associations, "have appointed themselves to enforce what is not the law and have attempted to prevent women from exercising what is currently their legal right to seek an abortion." The complaint charges that the defendants and those acting in concert with them have engaged and will engage in conduct (blockades, intimidation, and harassment of women seeking abortions and medical personnel lawfully engaged in the provision of abortions) that is "injurious to the public's civil and property rights" and that constitutes a public nuisance violative of Wis.Stat. § 823.02. With their complaint, the plaintiffs filed a motion for "temporary injunction," which was to be heard in the Wisconsin circuit court for Milwaukee County (Judge Jeffrey A. Wagner, presiding) on Friday, June 12, 1992. Late in the day on Thursday, June 11, 1992, the defendants removed the action to this court.

With limited exceptions, and diversity actions notwithstanding, federal subject matter jurisdiction exists only in those actions in which a federal question appears on the face of the complaint—or would have appeared on the face of a well-pleaded complaint. *Franchise Tax Board v. Laborers Vacation Trust*, 463 U.S. 1, 11–12, 103 S.Ct. 2841, 2847–2848, 77 L.Ed.2d 420 (1983) (upholding "well-pleaded complaint" rule); *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) (Cardozo, J.) (upholding "well-pleaded complaint" rule); *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916) (Holmes, J.) ("A suit arises under the law that creates the cause of action."). It is clear that the plaintiffs' causes of action are well-pleaded and arise solely under state law. Any questions of federal law arise only by way of the defendants' *defense* that the plaintiffs seek to abridge their right of assembly under the first amendment to the Constitution. *See Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 153–54, 29 S.Ct. 42, 43–44, 53 L.Ed. 126 (1908) (federal defense

to state law claim provides no basis for federal question jurisdiction).

■ In their removal petition, the defendants did not challenge the well-pleaded complaint rule. Instead, they claimed that removal was proper (a) because the complaint implicated federal law insofar as the plaintiffs requested the court to balance the interests of the various parties' constitutional rights and (b) because it asserted that federal jurisdiction exists under what they termed the "complete preemption doctrine," citing *Meyer v. Employer Health Insurance Co.*, 722 F.Supp. 547 (E.D.Wis. 1989).

In their motion for remand, the plaintiffs, who are "masters" of their complaint, claim that their complaint arises exclusively under state law. The plaintiffs also challenge the defendants' reliance upon the "complete preemption doctrine."

The court finds that the plaintiffs are correct. While the complaint may reference "constitutional rights," the causes of action arise exclusively under state law. Even a construction of the complaint that is exceedingly generous to the defendants' claim of federal jurisdiction cannot overcome that fact. Moreover, the court has found no case in which the "complete preemption doctrine" has been invoked in the context of the first amendment. That doctrine is reserved for use only where a "state law" action implicates a "field" of law that Congress has intended federal law to govern completely; the prime example is labor law.

The court of appeals for the seventh circuit has explained the "complete preemption doctrine" as follows:

When federal law occupies a field, state rules are preempted. But preemption is just a defense, and federal defenses to claims based on state law are adjudicated in state court. There is no general right of federal-defense removal. When national law is so pervasive that it is impossible even to state a claim based under state law, though, a court treats the attempt to do so as equivalent to a spelling error, which does not affect the body of law invoked by the complaint. *See Met-*

*ropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 [107 S.Ct. 1542, 95 L.Ed.2d 55] (1987).

*In Re Amoco Petroleum Additives Co.*, 964 F.2d 706, 709 (7th Cir.1992). Concededly, the first amendment protects an important federal constitutional right. However, the defendants have not cited and the court has not found any cases in which the doctrine was applied under the auspices of the first amendment.

There being no basis for federal jurisdiction, the action was improperly removed and must be remanded pursuant to 28 U.S.C. § 1447(c), with costs and expenses, including attorney fees. This necessarily means that the court does not reach the merits of the plaintiffs' amended motion for a "temporary injunction."

■ However, the plaintiffs also seek sanctions pursuant to Rule 11, Federal Rules of Civil Procedure. Under Rule 11 the signature of an attorney "constitutes a certificate by the signer that the signer has read the pleading [and] that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and warranted by existing law." Rule 11 imposes "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and ... the applicable standard is one of reasonableness under the circumstances." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, — U.S. ——, —— - ——, 111 S.Ct. 922, 932–33, 112 L.Ed.2d 1140 (1991). *See also TMF Tool Co. v. Muller*, 913 F.2d 1185, 1190 (7th Cir.1990); *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 931–32 (7th Cir.1989) (en banc).

The court finds, as the plaintiffs claim, that the defendants have violated Rule 11. To the extent that the defendants asserted that the plaintiffs' complaint arises under federal law, under the well-settled well-pleaded complaint rule, that assertion was unreasonable. To the extent that the defendants asserted that the "complete preemption doctrine" was applicable, that assertion was unreasonable, as well. As not-

ed, there is no basis for the defendants' claim that the doctrine applies to an action consisting of causes of action arising under state law, even if a first amendment defense is implicated.

■ The removal petition, a Rule 11 "paper," was "baseless" and constituted an "abuse of process." The plaintiffs' assertion that the defendants improperly effected the removal of the action solely to delay further proceedings in the action (namely those previously scheduled in state court) is borne out by the facts. Moreover, the court is not disempowered from imposing sanctions under Rule 11 in the absence of subject matter jurisdiction, *see Willy v. Coastal Corp.*, — U.S. —, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). *See also Chambers v. Nasco, Inc.*, — U.S. —, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (authorizing imposition of sanction in exercise of court's inherent equitable powers).

■ A Rule 11 violation is to be remedied by "an appropriate sanction." That is, the sanction must meet the circumstances presented. The court finds that it is empowered under Rule 11 to enter the sanction that it finds to be most appropriate given the defendants' abuse of the removal process to effect a delay: a sanction that accords the plaintiffs the basic relief they had sought on their motion for a "temporary injunction" in state court. The plaintiffs would have been heard on their motion for a "temporary injunction" on Friday, June 12, 1992, had the defendants not filed their baseless removal petition. Thus, the sanction will be in the nature of a temporary restraining order. *See* Rule 65(b), Federal Rules of Civil Procedure.

Such a sanction, which will operate jointly and severally upon the defendants and their attorneys, is necessary to deter such abuse of process in the future. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) ("the central purpose of Rule 11 is to deter baseless filings in District Court and thus ... streamline administration and procedure of the federal courts"). *See also Willy*, 112 S.Ct. at 1078 (affirming a Rule

11 sanction imposed jointly and severally on both client and attorney).

Accordingly, based upon the record and proceedings before this court, and the defendants having been provided with an opportunity to be heard, the court will impose an appropriate Rule 11 sanction, which sanction shall resemble the relief sought by the plaintiffs under their motion for a "temporary injunction."

### ORDER

Therefore, IT IS ORDERED that the plaintiffs' motion for remand be and hereby is granted.

IT IS ALSO ORDERED that the clerk of court be and hereby is directed to remand the action to the Wisconsin circuit court for Milwaukee county, as provided in 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that the defendants be and hereby are directed to pay the plaintiffs their just costs and actual expenses, including attorney fees, incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c); the plaintiffs shall serve and file a statement of just costs and actual expenses no later than June 29, 1992; the defendants shall serve and file objections, if any, no later than July 7, 1992.

IT IS FURTHER ORDERED that as an appropriate sanction pursuant to Rule 11, Federal Rules of Civil Procedure:

1. Pending a hearing on the merits of the plaintiffs' motion for a temporary injunction before the state court, not to exceed ten days from the date of this order, unless extended or shortened by the state circuit court, the defendants and all persons in active concert with them receiving actual notice of this temporary restraining order and all persons engaging in conduct similar to that alleged against the defendants in the plaintiffs' complaint and receiving actual notice of this temporary restraining order who may hereafter be made additional defendants on the plaintiffs' motion to amend their complaint, are enjoined and restrained from the following:

(a) Trespassing on, sitting in, blocking, impeding or obstructing access to, ingress

into or egress from the following facilities, including the parking lots, parking lot entrances, driveways and driveway entrances, at which abortions are performed in the city of Milwaukee: Affiliated Medical Services, 1428 North Farwell Avenue, Metropolitan Medical Services, 2625 West Wisconsin Avenue, Summit Women's Health Organization, 530 North Water Street, Planned Parenthood of Wisconsin, 302 North Jackson Street, Wisconsin Women's Health Care Center, 8634 West Brown Deer Road, and Imperial Health Center, 6404 West Capitol Drive.

(b) Demonstrating within twenty-five feet from either side of or in front of doorways or doorway entrances or exits, parking lots or parking lot entrances, and driveways and driveway entrances of such facilities or within twenty-five feet of any person seeking access to or leaving those facilities, except that the form of demonstrating known as sidewalk counseling by no more than two persons as specified in paragraph (c) shall be allowed.

(c) Physically abusing, grabbing, touching, pushing, shoving or crowding persons entering or leaving, working at or using any services at any of the afore-listed clinics; provided, however, that sidewalk counseling consisting of a conversation of a non-threatening nature by not more than two people with each person or group of persons they are seeking to counsel shall not be prohibited. Also provided that no one is required to accept or to listen to sidewalk counseling, and that if anyone or any group of persons who is sought to be counseled does not want to have counseling, wants to leave, or walk away, they shall have the absolute right to do that; in such event all persons seeking to counsel that person or group of persons shall cease and desist from such counseling and shall thereafter be governed by the provisions of paragraph (b) pertaining to not demonstrating within twenty-five feet of persons seeking access to or leaving a facility. In addition, it is further provided that this right to sidewalk counseling as defined herein shall not limit the right of the Milwaukee police department to maintain public order or such reasonably necessary rules and regulations as they decide are necessary at each particular demonstration site.

2. The Milwaukee police department shall have authority to establish police lines, barricades and other reasonable procedures designed to implement the restrictions set forth in paragraph 1 above.

3. Nothing in this order shall be construed to limit the defendants' exercise of their first amendment rights.

4. With respect to motions relating to the enforcement of this order, which are to be presented to the state circuit court, this court deems notice to the defendants sufficient if served at least eighteen hours before the scheduled time for the hearing and if the particular defendant received a copy or other legally sufficient notice of this order at least twenty-four hours before the scheduled time for hearing.

5. It is the court's intention that nothing contained in this order shall supersede or diminish the obligations of law enforcement authorities to fulfill their duties and responsibilities in enforcing state laws and local ordinances.

6. This order shall not be construed as limiting the right of the plaintiffs to seek additional relief against the defendants and those acting in concert with them, to move to join other persons engaging in conduct similar to that alleged against the defendants in the plaintiffs' complaint or to seek additional or other relief against such other persons by amended pleading or in a separately commenced action, as the facts and circumstances may warrant.