# AMERICAN WELL WORKS COMPANY *v.* LAYNE AND BOWLER COMPANY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

No. 376.   Argued May 5, 1916.—Decided May 22, 1916.

A suit for damages to business caused by a threat to sue under the patent law is not in itself a suit under the patent law, of which the state court cannot take jurisdiction.

Whether a wrong is committed by one making statements to effect that an article sold by another infringes the former's patent depends upon the law of the State where the act is done and not upon the patent law of the United States; and, in this case *held* that the state court had jurisdiction of a suit for libel or slander based on such statements.

THE facts, which involve the jurisdiction of the District Court, are stated in the opinion.

*Mr. David A. Gates,* for plaintiff in error, submitted.

*Mr. Paul Synnestvedt,* with whom *Mr. J. M. Moore* and *Mr. Coke K. Burns* were on the brief, for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit begun in a state court, removed to the United States Court, and then, on motion to remand by the plaintiff, dismissed by the latter court, on the ground that the cause of action arose under the patent laws of the United States, that the state court had no jurisdiction, and that therefore the one to which it was removed had none. There is a proper certificate and the case comes here direct from the District Court.

Of course the question depends upon the plaintiff's declaration. *The Fair* v. *Kohler Die Co.,* 228 U. S. 22, 25. That may be summed up in a few words. The plaintiff alleges that it owns, manufactures and sells a certain pump, has or has applied for a patent for it, and that the pump is known as the best in the market. It then alleges that the defendants have falsely and maliciously libeled and slandered the plaintiff's title to the pump by stating that the pump and certain parts thereof are infringements upon the defendant's pump and certain parts thereof and that without probable cause they have brought suits against some parties who are using the plaintiff's pump and that they are threatening suits against all who use it. The allegation of the defendants' libel or slander is repeated in slightly varying form but it all comes to statements to various people that the plaintiff was infringing the defendants' patent and that the defendant

would sue both seller and buyer if the plaintiff's pump was used. Actual damage to the plaintiff in its business is alleged to the extent of $50,000 and punitive damages to the same amount are asked.

It is evident that the claim for damages is based upon conduct, or, more specifically, language, tending to persuade the public to withdraw its custom from the plaintiff and having that effect to its damage. Such conduct having such effect is equally actionable whether it produces the result by persuasion, by threats or by falsehood, *Moran* v. *Dunphy*, 177 Massachusetts, 485, 487, and it is enough to allege and prove the conduct and effect, leaving the defendant to justify if he can. If the conduct complained of is persuasion, it may be justified by the fact that the defendant is a competitor, or by good faith and reasonable grounds. If it is a statement of fact, it may be justified, absolutely or with qualifications, by proof that the statement is true. But all such justifications are defences and raise issues that are no part of the plaintiff's case. In the present instance it is part of the plaintiff's case that it had a business to be damaged; whether built up by patents or without them does not matter. It is no part of it to prove anything concerning the defendants' patent or that the plaintiff did not infringe the same—still less to prove anything concerning any patent of its own. The material statement complained of is that the plaintiff infringes—which may be true notwithstanding the plaintiff's patent. That is merely a piece of evidence. Furthermore, the damage alleged presumably is rather the consequence of the threat to sue than of the statement that the plaintiff's pump infringed the defendants' rights.

A suit for damages to business caused by a threat to sue under the patent law is not itself a suit under the patent law. And the same is true when the damage is caused by a statement of fact—that the defendant has a

patent which is infringed. What makes the defendants' act a wrong is its manifest tendency to injure the plaintiff's business and the wrong is the same whatever the means by which it is accomplished. But whether it is a wrong or not depends upon the law of the State where the act is done, not upon the patent law, and therefore the suit arises under the law of the State. A suit arises under the law that creates the cause of action. The fact that the justification may involve the validity and infringement of a patent is no more material to the question under what law the suit is brought than it would be in an action of contract. If the State adopted for civil proceedings the saying of the old criminal law: the greater the truth the greater the libel, the validity of the patent would not come in question at all. In Massachusetts the truth would not be a defence if the statement was made from disinterested malevolence. Rev. Laws, c. 173, § 91. The State is master of the whole matter, and if it saw fit to do away with actions of this type altogether, no one, we imagine, would suppose that they still could be maintained under the patent laws of the United States.

*Judgment reversed.*

MR. JUSTICE McKENNA dissents, being of the opinion that the case involves a direct and substantial controversy under the patent laws.