**DANIS INDUSTRIES CORP., Plaintiff,**

v.

**FERNALD ENVIRONMENTAL RESTORATION MANAGEMENT CORP., Defendant.**

No. C–1–96–280.

United States District Court,
S.D. Ohio,
Western Division.

Nov. 8, 1996.

---

Ronald G. Robey, Smith Currie & Hancock, Atlanta, GA, Peter Edward Koenig, Cincinnati, OH, for Danis Industries Corp.

William Breck Weigel, Vorys, Sater, Seymour & Pease, Cincinnati, OH, for Fernald Environmental Restoration Management Corp.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendant's motions to dismiss (doc. 3 and 8), Plaintiff's responses (docs. 5 and 10) Defendant's replies (docs. 9 and 12).

## BACKGROUND

Plaintiff, Danis Industries Corporation ("Danis"), commenced this action against Defendant, Fernald Environmental Restoration Management Corporation ("FERMCO") alleging breach of contract and seeking an equitable adjustment pursuant to its subcontract with FERMCO. FERMCO is the general contractor on the remediation project at the Fernald nuclear facility ("Fernald"). Danis is a subcontractor on the remediation project. Specifically, Danis claims that FERMCO interfered with Danis' performance under the subcontract.

This case arises out of a contract to cleanup the nuclear facility at Fernald. The Department of Energy ("DOE") hired FERMCO to supervise the clean-up at Fernald. FERMCO in turn hired Danis as a subcontractor on the project. The subcontract contains numerous provisions based upon Federal Acquisition Regulations ("FAR") which apply to all federal government procurement contracts. In addition, the Parties agreed through a choice-of-law provision that federal common law would apply to their relationship.

In its original complaint, Danis alleged this Court had jurisdiction based upon diversity of the Parties. Danis asserts that it is an Ohio corporation with its principal place of business in Dayton, Ohio. Danis further alleges that FERMCO is a California corporation with its principal place of business in Irvine, California.

FERMCO moved to dismiss the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. FERMCO asserts that it was incorporated to supervise the clean-up at Fernald. Furthermore, all of its employees and operations are based in Ohio. Therefore, FERMCO asserts that its principal place of business is in Ohio, and thus, there is no diversity of citizenship for purposes of 28 U.S.C. § 1332.

Danis countered that the location of FERMCO's principal place of business is a

question of fact and that it is entitled to discovery on this issue. In addition, Danis moved to amend its complaint to allege federal question jurisdiction. Danis asserts that its subcontract with FERMCO is governed by the federal common law of contracts because of the Parties' choice-of-law provision.

## STANDARD OF REVIEW

■ Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. Fed.R.Civ.P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). A facial attack challenges the pleading itself. On such an attack, the Court must take all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37, 94 S.Ct. 1683, 1685–87, 40 L.Ed.2d 90 (1974)).

■ A factual attack is a challenge to the factual existence of subject matter jurisdiction. "On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citations omitted). In reviewing such motions, a district court has wide discretion to allow affidavits, documents, and even conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). The district court's factual findings, however, do not bind the Court in future proceedings, and "[t]he *res judicata* effect of a 12(b)(1) motion is ... limited to the jurisdictional issue." *Id.*

## DISCUSSION

FERMCO makes both a factual and facial attack on the amended complaint. First, FERMCO disputes Danis' allegation that FERMCO's principal place of business is Ohio—a fact which destroys diversity. Second, FERMCO challenges the existence of federal question jurisdiction even though the contract calls for the application of federal common law to the Parties' contract dispute. While we probably would agree with the Defendants that FERMCO's principal place

of business is in Ohio, it is unnecessary for us to reach this issue since we find that federal question jurisdiction exists.

The question presented by FERMCO's motion to dismiss is whether a dispute between parties working on a government remediation project amounts to "arising under" the laws of the United States where the parties' contract contains a choice-of-law provision choosing federal common law as the law applicable to interpret their agreement. In order to answer this question, the Court must reconcile two conflicting legal principles. First, federal common law "arises under" the laws of the United States for purposes of federal question jurisdiction. Second, the parties may not "confer jurisdiction" upon the Court by agreement.

■ The federal courts are courts of limited jurisdiction. Charles Alan Wright, *Law of Federal Courts*, § 7, at 27 (5th ed. 1994). Federal courts are only empowered to hear cases that are within the judicial power as defined by the Constitution and which have been authorized by an act of Congress. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1985). Federal courts have a duty to see that the jurisdiction granted to the court by the Constitution is not exceeded. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908).

Congress has authorized the federal courts to hear cases concerning questions of federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."). The question whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986).

■ The term "arising under" the laws of the United States "has resisted all attempts to frame a single, precise definition for determining which cases fall within, and which cases fall outside, the original jurisdiction of

the district courts." *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 8, 103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983). The vast majority of cases that come within the meaning of "arising under the Constitution or laws of the United States" are described by Justice Holmes' statement that "a suit arises under the law that creates the cause of action." *Merrell Dow Pharmaceuticals*, 478 U.S. at 809, 106 S.Ct. at 3232 (quoting *American Well Works v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). This definition, however, does not encompass all of the cases that "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 9, 103 S.Ct. at 2846. "Even though state law creates [plaintiff's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd.*, 463 U.S. at 13, 103 S.Ct. at 2848.

■ In this case, the Parties agree that the federal common law applies to interpret their contract through their choice-of-law provision. Federal common law "arises under" the laws of the United States for purposes of federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Illinois v. City of Milwaukee*, 406 U.S. 91, 101, 92 S.Ct. 1385, 1391–92, 31 L.Ed.2d 712 (1972). Thus, Danis argues because federal common law defines its right to recover in this case, straight forward application of *Franchise Tax Bd.* here would establish that adjudication of its claim "requires resolution of a substantial question of federal law in dispute between the parties." *See also Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936) ("[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

The Supreme Court, however, has cautioned us that *Franchise Tax Board* "did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813, 106 S.Ct. at 3234–35.

■ FERMCO counters that it is improper for the Parties to "create" federal jurisdiction through a choice-of-law provision. Moreover, FERMCO argues that state law, not federal law creates Danis' cause of action. *See Merrell Dow*, 478 U.S. at 810–11, 106 S.Ct. at 3233–34 (discussing the factors to determine the existence of a federal cause of action).[1] FERMCO argues that in order for federal question jurisdiction to exist, the cause of action "*must be created* by federal common law." Defendant's Reply, Document 9 at 3. Thus, Danis' claim must be one of the narrow instances in which federal courts are empowered to create a federal common law cause of action.

■ While *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), eliminated general federal common law, the Supreme Court "has recognized the need and authority in some limited areas to formulate what has come to be known as 'federal common law.'" *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 640, 101 S.Ct. 2061, 2066–67, 68 L.Ed.2d 500 (1981). Federal courts have the power to create common law in only two narrow instances: (1) when "a federal rule of decision is 'necessary to protect uniquely federal interests,' and (2) ... [where] Congress has given the courts the power to develop substantive law." *Texas Industries, Inc.*, 451 U.S. at 640, 101 S.Ct. at 2067.

We agree with FERMCO that the parties "cannot confer subject matter jurisdiction by agreement." *See American Policyholders v. Nyacol*, 989 F.2d 1256, 1258 (1st Cir.1993)

---

1. [U]nder the settled framework for evaluating whether a federal cause of action lies, some combination of the following factors [must be] present: (1) the plaintiffs are [ ] part of the class for whose special benefit the statute was passed; (2) the indicia of legislative intent reveal [ ] congressional purpose to provide a private cause of action; (3) a federal cause of action would [ ] further the underlying purposes of the legislative scheme; and (4) the respondents' cause of action is [not] a subject traditionally relegated to state law. In short, Congress ... intended a private federal remedy for violations of the statute that it enacted.

(finding that parties could not agree on an interpretation of the removal statute which would allow jurisdiction). On the other hand, federal law does not have to create the cause of action in order for federal question jurisdiction to exist. In the context of contract choice-of-law provision the Parties are doing more than merely conferring jurisdiction. In essence, the Parties have agreed to have their contract dispute resolved under federal law. If such a provision is valid, then federal law applies. Consequently, the case would appear to involve a question of federal law. *See New SD, Inc. v. Rockwell Intern. Corp.,* 79 F.3d 953, 955 (9th Cir.1996) ("When federal law applies, . . . it follows that the question arises under federal law, and federal jurisdiction exists."); *Illinois Psychiatric Hospital Co. v. Health Care Service Corp.,* No. 92–C–2880, 1992 WL 166823, *3 (N.D.Ill. July 9, 1992) (holding that claim "arises under" federal law because of parties' valid choice-of-law provision).

In *Illinois Psychiatric Hospital,* the plaintiff, a federal employee, challenged the denial of coverage by the government provided health insurer. Defendant removed the case to federal court arguing that the existence of federally authorized contract for health benefits created federal question jurisdiction. *Id.* at *1. The court rejected the Defendant's arguments that the existence of federal regulations concerning the contract created federal jurisdiction through implication or preemption. *Id.* at *2. Instead, the court found that the need to apply and interpret federal law because of the contract's choice-of-law provision created federal jurisdiction. *Id.* at *3. The court noted that federal law would govern the parties' dispute "[u]nless the choice of law provision of the contract is invalid." *Id.*

We believe, however, that the Court should place some additional limits on the parties' ability to choose federal law, and thus, create federal jurisdiction beyond mere validity of the choice of law provision. Generally, states only apply a minimal review of the validity of choice-of-law provisions. Furthermore, federal question jurisdiction should not merely depend on the choice of the parties and the vagaries of state conflict-of-law rules. Final-ly, the mere inclusion of a choice-of-law provision in a contract does not ensure that the federal question at issue is "substantial."

Accordingly, we propose a two-pronged test to determine if the application of federal common law to a contract dispute through a choice-of-law provision creates federal jurisdiction. First, the provision must be valid under the forum state's choice-of-law rules. Second, the United States must have a substantial interest in the contract being litigated and thus interpretation of the contract would "require[ ] resolution of a substantial question of federal law." This should limit the Parties' ability to "create" federal question jurisdiction and ensure a consistent meaning for the term "arising under." Furthermore, this test respects the Supreme Court's admonition to be careful to consider "congressional intent, judicial power, and the federal system" when making judgments regarding what claims implicate federal question jurisdiction. *Merrell Dow,* 478 U.S. at 810, 106 S.Ct. at 3233; *see also New SD, Inc. v. Rockwell Intern. Corp.,* 79 F.3d 953 (9th Cir.1996) (reaffirming its view that certain private contractual arrangements are of such importance that uniform federal law must be applied); *United States v. Taylor,* 333 F.2d 633 (5th Cir.1964) (finding federal law will control contracts between private parties if there is sufficient federal interest).

Applying the above test here, we find that federal question jurisdiction exists. The Parties do not challenge the validity, nor do we see any reason to challenge the validity of the choice-of-law provision of the contract here. Furthermore, it is clear that there are substantial federal interests at stake in this contract dispute.

In *New SD,* a subcontractor sued a contractor over the procurement of a certain parts for a project connected with the Strategic Defense Initiative ("SDI"). *New SD, Inc.,* 79 F.3d at 954. The contract between the parties contained language from certain sections of the federal procurement regulations. *Id.* Due to delays in the program, Rockwell issued several stop-work orders and eventually terminated the contract. The subcontractor sued in state court and defendant removed the case to federal court. *Id.*

The Ninth Circuit concluded this contractual arrangement implicated " 'matters affecting the operation of the federal government, where the rule must be uniform throughout the country.' " *Id.* at 955 (quoting *American Pipe & Steel Corp. v. Firestone Tire & Rubber Co.*, 292 F.2d 640, 643–44 (9th Cir.1961)).

In this instance, we find that the government's interest to be of similar significance. The contract involves the multi-billion dollar clean-up of a government owned facility once used to construct nuclear weapons. FERM-CO is the supervisor and manager of the clean-up for the DOE. In addition, FERM-CO's arrangement with the DOE is a cost-plus contract where any extra costs due to liability in this suit will be passed on to the federal taxpayers. Finally, the clean-up has wide-ranging effects upon the neighboring community and other former nuclear weapon sites. Thus, the resolution of this dispute not only requires resolution of a question of federal law (*i.e.,* whether Danis is entitled to an equitable adjustment under federal common law) but also implicates important federal interests which support the conclusion that resolution of this question is a "substantial question" of federal law.

### CONCLUSION

We find that Plaintiff's claim does involve a federal question and therefore this Court has jurisdiction. Accordingly, the Court DENIES Defendant's motion to dismiss for lack of subject matter jurisdiction.

SO ORDERED.