## COPIAH COUNTY BOARD OF SUPERVISORS Plaintiff

v.

## MOTOR CLASSICS LTD and Charles Kemp Defendants

### No. CIV.A. 3:03CV178LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

April 17, 2003.

Brandon Lee Ogburn, Campbell, Cherry, Harrison, Davis, Dove, PC, Jackson, James D. Shannon, Elise Berry Munn, Shannon Law Firm, PLLC, Hazlehurst, for Plaintiff or Petitioner.

Forrest E. Holder, Sr., Gulfport, Robert A. Biggs, III, E. Otis Johnson, Jr., Lee J. Carmody, Jr., Armstrong Allen, PLLC, Jackson, for Defendant or Respondent.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiff Copiah County Board of Supervisors, pursuant to 28 U.S.C. § 1447, to remand this case to the Chancery Court of Copiah County, Mississippi. Defendants Motor Classics Ltd. and Charles Kemp have responded in opposition, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

On December 31, 2002, plaintiff filed the present action in Copiah County Chancery Court, seeking relief arising out of the alleged breach of an airport lease agreement by defendants. Under the agreement, Copiah County leased the county-owned airport to defendants, who were to conduct the business of a fixed-base operator on the premises. In its complaint, plaintiff sought ejectment, injunctive relief or, in the alternative, reformation of the lease agreement as a remedy for defendants' alleged failure to comply with obligations set forth in the lease, including obligations to make the leased airport premises available to the public on fair and reasonable terms and to furnish services on fair, equal and not unjustly discriminatory terms. On January 31, 2003, defendants removed the case to this court, citing federal question jurisdiction. *See* 28 U.S.C. § 1331.

Plaintiff has moved to remand, contending that federal question jurisdiction is lacking in this case. Federal question jurisdiction over a case removed from state court depends on the well-pleaded complaint rule. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir.1988). "[T]he plaintiff's well-pleaded complaint, not the removal petition, must establish that the case arises under federal law." *Id.* The burden of establishing jurisdiction rests on the party seeking removal. *Id.* at 1164.

In asserting that federal question jurisdiction exists, defendants note that the lease agreement at issue herein incorporates certain provisions of federal law. The lease provides, for example, that

the lessee shall use the premises in compliance with all other requirements imposed by or pursuant to Title 49, Code of Federal Regulations, Department of Transportation, Subtitle A, Offices of the Secretary Part 21, Nondiscrimination in Federally-assisted Programs of the Department of Transportation—Effectuation of Title VI of the Civil Rights Act of 1964, and as said Regulations be amended.

Moreover, in its complaint, plaintiff alleges, *inter alia*, that defendants "materially breached" the airport lease, including by failing to "diligently inquire whether the activities conducted by Defendants are consistent with state and federal law and the requirements of the Federal Aviation Authority."

Defendants argue that the resolution of plaintiff's action will necessarily require the "interpretation and resolution of federal law" and that federal question jurisdiction therefore exists. Relevant authority demonstrates, however, that the existence of a federal law issue embedded in a state law claim is, in many cases, insufficient to give rise to federal question jurisdiction. The Fifth Circuit Court of Appeals described the applicable law as follows:

The general rule for determining whether a case raises a federal question was announced by Justice Holmes in *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed.

987 (1916): a "suit arises under the law that creates the cause of action." *Id.* at 260, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987. This famous formulation actually serves better to include than to exclude federal cases, *see Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), however, in that claims created by state law often incorporate federal standards or require the interpretation of federal law. That is, the claim arises from state law but may turn on a question of federal law embedded in the matrix of state law. But when this federal question will sustain "arising under" jurisdiction is the question. These cases are not answered by Holmes's formulation. In *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), Justice Cardozo offered one answer: "To bring a case within the [federal question jurisdiction] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Id.* at 112, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (citations omitted). This was later refined in *Franchise Tax Board*, which insisted that the embedded federal question be substantial. *Id.* at 13, 103 S.Ct. 2841, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420.

*Howery v. Allstate*, 243 F.3d 912, 917 (5th Cir.2001).

The United States Supreme Court's decision in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), is, in the court's view, particularly instructive in the present context. In *Merrell Dow*, the Supreme Court indicated that, in ascertaining whether a federal question embedded in a state law claim is sufficiently "substantial" to give rise to federal question jurisdiction under *Franchise Tax Board*, the issue of whether Congress has provided for a private right of action for violation of the relevant federal statute is often determinative. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1168 (5th Cir.1988) (noting that "[w]hile *Merrell Dow* held that a private, federal remedy was a necessary predicate to determining that the presence of a federal element in a state-created cause of action resulted in that cause of action being one which arose under federal law, it did not hold that the presence of any private, federal remedy would in all instances suffice for that purpose.")

The Supreme Court in *Merrell Dow* concluded that, where Congress provided for no such private right of action, "the congressional determination that there should be no federal remedy for the violation of [the] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814, 106 S.Ct. at 3235. Plaintiff asserts, and in the court's view correctly so, that there exists no private right of action under section 308(a) of the Federal Aviation Act of 1958, 49 U.S.C. § 1349(a) and, in the absence of such a private right of action, defendants' arguments lose much of their force.[1]

Defendants maintain that the question of whether the lease in the present case has been violated "will necessarily hinge on an interpretation of Section 308(a) of the Federal Aviation Act," but,

---

1. The vast majority of courts to consider the

issue have interpreted the United Supreme

inasmuch as no private right of action exists under that statute, the resolution of whether it has been violated is insufficiently "substantial" to confer federal question jurisdiction under *Franchise Tax Board* and *Merrell Dow*. While the lease at issue herein does incorporate certain requirements of federal law, this fact is insufficient to give rise to federal question jurisdiction in this case, and plaintiff's motion to remand will therefore be granted.

Accordingly, it is ordered that plaintiff's motion to remand is granted.

Court's decision in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), as precluding a private right of action under 49 U.S.C. § 1349(a). *See, e.g., Montauk–Caribbean Airways, Inc. v. Hope*, 784 F.2d 91, 97–98 (2d Cir.1986) (no implied private right of action under 49 U.S.C. § 1349(a)); *Hill Aircraft and Leasing Corp. v. Fulton County*, 561 F.Supp. 667, 673 (N.D.Ga.1982) (same); *Pumpkin Air, Inc. v. City of Addison*, 608 F.Supp. 787, 794 (N.D.Tex.1985) (accord).