Justice Thomas,
concurring.
The Court faithfully applies our precedents interpreting 28 U. S. C. § 1331 to authorize federal-court jurisdiction over some cases in which state law creates the cause of action but requires determination of an issue of federal law, e. g., Smith v. Kansas City Title & Trust Co., 255 U. S. 180 (1921); Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U. S. 804 (1986). In this case, no one has asked us to overrule those precedents and adopt the rule Justice Holmes set forth in American Well Works Co. v. Layne & Bowler Co., 241 U. S. 257 (1916), limiting § 1331 jurisdiction to cases in which federal law creates the cause of action pleaded on the face of the plaintiff’s complaint. Id., at 260. In an appropriate case, and perhaps with the benefit of better evidence as to the original meaning of § 1331’s text, I would be willing to consider that course.*
*321 Jurisdictional rules should be clear. Whatever the virtues of the Smith standard, it is anything but clear. Ante, at 313 (the standard “calls for a ‘common-sense accommodation of judgment to [the] kaleidoscopic situations’ that present a federal issue, in ‘a selective process which picks the substantial causes out of the web and lays the other ones aside’” (quoting Gully v. First Nat. Bank in Meridian, 299 U. S. 109, 117-118 (1936))); ante, at 314 (“[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities”); ante, at 317, 318 (“‘[D]eterminations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system’ ”; “the absence of a federal private right of action [is] evidence relevant to, but not dispositive of, the ‘sensitive judgments about congressional intent’ that § 1331 requires” (quoting Merrell Dow, supra, at 810)).
Whatever the vices of the American Well Works rule, it is clear. Moreover, it accounts for the “ ‘vast majority’ ” of cases that come within §1331 under our current case law, Merrell Dow, supra, at 808 (quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U. S. 1, 9 (1983))—further indication that trying to sort out which cases fall within the smaller Smith category may not be worth the effort it entails. See R. Fallon, D. Meltzer, & D. Shapiro, Hart and Wechsler’s The Federal *322 Courts and the Federal System 885-886 (5th ed. 2003). Accordingly, I would be willing in appropriate circumstances to reconsider our interpretation of § 1331.

 This Court has long construed the scope of the statutory grant of federal-question jurisdiction more narrowly than the scope of the constitutional grant of such jurisdiction. See Merrell Dow Pharmaceuticals *321 Inc. v. Thompson, 478 U. S. 804, 807-808 (1986). I assume for present purposes that this distinction is proper — that is, that the language of 28 U. S. C. § 1331, “[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States” (emphasis added), is narrower than the language of Art. III, § 2, cl. 1, of the Constitution, “[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority ...” (emphasis added).