NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

Argued April 8, 2008
Decided June 25, 2008

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 07-3265

| | |
|---|---|
| ABRAHAM UNTERMYER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 06 C 5658 |
| COLLEGE OF LAKE COUNTY, | |
| *Defendant-Appellee.* | William J. Hibbler, |
| | *Judge.* |

**O R D E R**

The only issues in this appeal are whether the district court abused its discretion when it denied a motion for reconsideration filed by the plaintiff, Abraham Untermyer, and when it denied Untermyer leave to amend his complaint after it had entered judgment for the defendant, College of Lake County.  We conclude that the district court did not abuse its discretion on either issue and affirm its judgment in favor of the College.

# I.  BACKGROUND

Abraham Untermyer is deaf.  He was formerly a straight "A" student at the College of Lake County, which provided him with sign language interpreters for his classes.  Untermyer claims he sometimes had difficulties with his interpreters, who occasionally missed classes or were substitutes unable to sign properly because they were unfamiliar with a class.

Untermyer's problems with his interpreters came to a head in fall 2001, when he took a Calculus III course.  Daunted by the alleged complexity of the course, Untermyer requested, and the College agreed to provide, two specific interpreters that Untermyer preferred.  When one of Untermyer's chosen interpreters later became unavailable, the College hired a new interpreter, who Untermyer claimed was unreliable.  During the sixteen weeks of the course, the College provided Untermyer with ten different sign language interpreters.  Untermyer claims this high turnover rate led to interpreters who could not properly interpret the technical nomenclature of the class.  He believes their failures in interpretation caused him to miss out on classroom discussions and humorous pedagogical points.  Untermyer also claims he was stressed out because he wasn't told ahead of time who would be his interpreter on any given day.  Untermyer believes these deficiencies hurt him, because he received only a "B" in the class.  According to Untermyer, "[t]his 'B' grade adversely impacts [his]otherwise stellar academic career and holds him out to the public in a false and unflattering light."

Almost five years later, on September 5, 2006, Untermyer brought this suit against the College in Illinois state court.  His complaint stated, "College of Lake County has a legal contractual obligation created by the Rehabilitation Act of 1973, 29 U.S.C. § 794 to provide deaf persons like Mr. Untermyer with quality sign language interpreter services for their classes, regardless of the 1973 Rehabilitation Act statute of limitations."  The complaint also stated this "contractual" obligation stemmed from the College's catalog, which Untermyer excerpted and attached to the complaint.  The excerpt stated that the College's programs and facilities complied with both Section 504 of the Rehabilitation Act and the Americans with Disabilities Act ("ADA").

Believing that Untermyer had raised a federal claim under the Rehabilitation Act, the College removed this case to federal court and moved to dismiss based on the Rehabilitation Act's statute of limitations.  Untermyer argued he had only raised a state contract law claim and moved to remand.  On July 23, 2007, the federal district court denied Untermyer's motion to remand and granted the College's motion to dismiss,

finding that Untermyer's claim was grounded in the Rehabilitation Act and that the two-year statute of limitations for claims in Illinois under the Act[1] had long passed.

Untermyer did not file a timely appeal.  Instead, he waited seventeen days until August 9, 2007, to file a motion for reconsideration, or in the alternative, a motion to amend his complaint to remove the reference to the Rehabilitation Act.  The district court denied both motions on August 21, 2007, noting that Untermyer had not provided any new arguments in his motion for reconsideration and that it was "too late" to amend the complaint.

Untermyer then filed this appeal.  Because Untermyer did not timely appeal the dismissal of his claim (and he did not file a motion for reconsideration within ten days of the dismissal, which would have tolled the appeal clock), we issued an order on October 17, 2007, limiting review to the denied motion for reconsideration.  Untermyer agrees that the denial of his motion for reconsideration and his concurrently-filed motion to amend are the only matters for this court to review.

## II.  ANALYSIS

### A.      Motion for Reconsideration

Untermyer moved for reconsideration under Fed. R. Civ. P. 60(b)(1), which provides that a court can relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect."  Untermyer believes the district court mistakenly determined that his claim arose under the federal Rehabilitation Act rather than state contract law.  We review the denial of a Rule 60(b) motion for abuse of discretion and will reverse only if "no reasonable person could have acted as the judge did." *Castro v. Bd. of Educ.*, 214 F.3d 932, 935 (7th Cir. 2000) (internal quotation marks omitted).

Untermyer provided no good reason for the district court to reconsider this case. His motion for reconsideration rehashed the same arguments he had previously made. And those arguments are simply wrong: Untermyer's complaint explicitly refers to the Rehabilitation Act as the basis for his claim.  Undaunted, Untermyer observes that his complaint states the College was "contractually obligated" to provide interpreter services.  But Untermyer ignores that the complaint refers to a College catalog excerpt as the basis for this contractual obligation, and the excerpt merely states that the College

---

[1] The statute of limitations for Rehabilitation Act claims is governed by the limitations period for personal injury claims in the forum state; that time period is two years in Illinois. *See Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 n.5 (7th Cir. 2000).  The two-year limitations period also applies for claims in Illinois under Titles II and III of the ADA, which deal with public services and public accommodations. *See Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 & n.3 (7th Cir. 1996).

complies with the Rehabilitation Act and the ADA in providing services for students with disabilities. It is doubtful this excerpt created an independent "contract," given that it merely noted the College followed the Rehabilitation Act's and ADA's requirements. *Cf. Contempo Design, Inc. v. Chi. & Ne. Ill. Dist. Council of Carpenters*, 226 F.3d 535, 550 (7th Cir. 2000). At any rate, any "contractual" claim based on the excerpt would still arise under federal law and be subject to a two-year limitations period. *See Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007) ("In the main, a claim 'arises under' the law that creates the cause of action." (quoting *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (Holmes, J.))). Therefore, the district court did not abuse its discretion in denying Untermyer's motion for reconsideration.

### B. Motion for Leave to Amend

Untermyer also claims the court should have allowed him to amend his complaint to remove any references to the Rehabilitation Act. But before he could amend his complaint, Untermyer needed to get the district court to set aside or vacate the judgment and reopen the case, which is what Untermyer tried to do by filing a motion for reconsideration. *See Twohy v. First Nat'l Bank of Chi.*, 758 F.2d 1185, 1196 (7th Cir. 1985). As noted above, the district court (properly) declined to reconsider, set aside, or vacate the judgment, so the court did not even need to entertain Untermyer's motion to amend.

At any rate, Untermyer provided no good reason for the court to permit an amendment. Untermyer knew full well that the College believed he had raised a federal claim — indeed, that was why the College had removed the case in the first place and was moving to dismiss based on the federal Rehabilitation Act's limitations period. Given that the College had not yet filed a responsive pleading, Untermyer had plenty of time to amend his complaint pre-judgment. *See* Fed. R. Civ. P. 15(a) (2006) ("A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served . . ."); *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("A motion to dismiss the complaint is not a responsive pleading."). Untermyer chose not to amend. The district court was not required to excuse this delay by permitting an amendment after the College's motion had already been decided. *See Twohy*, 758 F.2d at 1196 ("[D]elay in presenting a post-judgment amendment when the moving party had an opportunity to present the amendment earlier is a valid reason for a district court not to permit an amendment."); *see also id.* ("The right under Rule 15(a) to amend 'once as a matter of course' is lost after the entry of judgment.").

Moreover, Untermyer's proposed amended complaint appears to plead essentially the same claim as the original complaint, minus the explicit references to the Rehabilitation Act. But the new complaint still includes the same College catalog

excerpt — which references the Rehabilitation Act — and cites to the excerpt as the source of the College's contractual obligation.  So even if the amendment were allowed, Untermyer's claim would still be time-barred because it would still arise under the Rehabilitation Act.  Accordingly, Untermyer's proposed amendment was futile.  *See J.D. Marshall Int'l v. Redstart, Inc.*, 935 F.2d 815, 820 (7th Cir. 1991) (leave to amend may be denied if the proposed amendment would be futile).

### III.  CONCLUSION

The judgment is AFFIRMED.