[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10853

Non-Argument Calendar

_____

HAYWOOD JACKSON MIZELL,

Plaintiff-Appellant,

*versus*

THE CITIZENS BANK,

JAMES H. WEATHERFORD,
Chairman,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cv-00337-WKW-SRW

————————————

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Haywood Jackson Mizell appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction. We affirm.[1]

## I.

Mizell's complaint seeks relief against a bank and its chairman for an allegedly wrongful 2008 bankruptcy sale of a radio station. Mizell insists the sale was unlawful because the bank never produced an original promissory note during the proceedings. Mizell doesn't dispute that all parties are Alabama citizens, depriving the district court of diversity jurisdiction. Instead, he argues the district court has subject matter jurisdiction because his complaint raises a federal question. Mizell argued in the district court that the Federal Communications Commission's "regulation of airwaves"

---

[1] The district court also dismissed Mizell's complaint because it failed to state a claim and lodged an improper collateral attack on a bankruptcy court's order. We don't reach those additional grounds for dismissal because we agree with the district court that Mizell hasn't established subject matter jurisdiction.

supplied the basis for federal question jurisdiction. The district court rejected this argument because—even had Mizell identified a specific regulation—the commission's regulatory regime was insufficiently tied to his claims. On appeal, Mizell advances a different federal question: "whether a corporate person can be made exempt . . . from a private contract obligation supported by one of the Federal Rules of [Evidence], Rule 1002 Requirement of the Original."

## II.

When reviewing a district court's dismissal for lack of subject matter jurisdiction, we review legal conclusions de novo and jurisdictional factual findings for clear error. *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016). Mizell bears the burden of establishing subject matter jurisdiction. *Id.* If he fails to do so, his case must be dismissed. *Id.*

Pro se complaints are construed liberally and held to less stringent standards. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But this leniency has limits, and we will not rewrite a "deficient pleading in order to sustain an action." *Id.* at 1168–69 (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### III.

The district court properly dismissed this case for lack of subject matter jurisdiction. Neither of Mizell's theories of federal question jurisdiction are viable.

A case raises a federal question if its claims arise under federal law. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 387 (2012) (citing 28 U.S.C. § 1331). "A suit arises under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *accord Atl. Richfield Co. v. Christian*, 140 S. Ct. 1335, 1350 (2020).

Although he doesn't argue it on appeal, we consider whether Mizell has federal question jurisdiction pursuant to the Federal Communications Commission's regulations. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented. Subject-matter jurisdiction can never be waived or forfeited." (citation omitted)). In short, he doesn't.

Mizell alleged a "[w]rongful foreclosure" claim against a bank and its chairman. And he alleged that the wrongfully foreclosed asset was a commission-licensed broadcast signal. But Mizell's suit doesn't arise under federal law just because the foreclosed asset was licensed and generally regulated by the commission. *See Pan Am. Petroleum Corp. v. Superior Ct. of Del. In & For New Castle Cnty.*, 366 U.S. 656, 663 (1961) ("[Claims] do not lose their

character because it is common knowledge that there exists a scheme of federal regulation . . . .") Mizell must allege facts showing how the commission's licensing of the broadcast signal or how its general regulatory framework provided a cause of action for his claim. His failure to do so is fatal to this theory of federal question jurisdiction.

Mizell pivots on appeal to a new theory: that his claim arises under the Federal Rules of Evidence. That Rule requires "[a]n original writing . . . to prove its content." Fed. R. Evid. 1002. Read liberally, Mizell's jurisdictional theory is that the bank violated Rule 1002 by not producing an original promissory note during the 2008 bankruptcy.

The Federal Rules of Evidence don't create causes of action. The statute authorizing the Rules plainly states the "rules shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Moreover, the very first Federal Rule of Evidence states that "[t]hese rules apply to proceedings *in* United States courts." Fed. R. Evid. 101 (emphasis added). This means the Rules only apply to "proceedings already commenced"; a plaintiff can't "use the rules to *initiate* a proceeding." *In re Madison Guar. Sav. & Loan Ass'n*, 173 F.3d 866, 869 (D.C. Cir. 1999) ("We know of no authority, and indeed perceive no logic, that would support the proposition that the Rules of Evidence create any cause of action or ever provide standing.").

Both of Mizell's jurisdictional theories are meritless. The district court properly dismissed his complaint for lack of subject matter jurisdiction.

**AFFIRMED.**