NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALTER ROSALES; ESTATE OF
KAREN TOGGERY; ESTATE OF LOUIS
AYHULE GOMEZ; ESTATE OF HELEN
CUERRO; ESTATE OF WALTER
ROSALES' UNNAMED BROTHER;
ESTATE OF DEAN ROSALES; ESTATE
OF MARIE TOGGERY; ESTATE OF
MATTHEW TOGGERY; APRIL LOUISE
PALMER; ELISA WELMAS; MARCIA
SPURGEON,

   Plaintiffs - Appellants,

 v.

ROMAN CATHOLIC BISHOP OF SAN
DIEGO; CONDON-JOHNSON
ASSOCIATES, INC.,

   Defendants - Appellees,

 v.

PATRICK D. WEBB; WEBB & CAREY,
APC,

   Not Party in Lower Court -
Appellants.

No. 24-3754

D.C. No.
3:23-cv-00908-AGS-JLB

MEMORANDUM[*]

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
Andrew George Schopler, District Judge, Presiding

Argued and Submitted May 16, 2025
Pasadena, California

Before: MURGUIA, Chief Judge, and BENNETT and JOHNSTONE, Circuit Judges.

Plaintiffs appeal from the district court's denial of their motion to remand, dismissal of their case, and imposition of sanctions on Plaintiffs and Plaintiffs' counsel, Patrick Webb. The parties are familiar with the facts, so we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review the district court's exercise of supplemental jurisdiction for abuse of discretion. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). The district court erred in exercising supplemental jurisdiction without first determining whether any claims existed over which it had original jurisdiction. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 33–34 (2025) (establishing that federal district courts must remand to state court when plaintiffs have had their cases removed to federal court but then amend their complaints to remove all questions of federal law).

However, "[w]e may affirm a district court's judgment on any ground supported by the record, whether or not the decision of the district court relied on the same grounds or reasoning we adopt." *Atel Fin. Corp. v. Quaker Coal Co.*, 321

F.3d 924, 926 (9th Cir. 2003) (citing *Cigna Property & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 1 F.3d 412, 418 (9th Cir. 1998)).

2. To determine whether the exercise of federal jurisdiction is appropriate, we first hold that Plaintiffs' complaint as initially filed in state court on May 10, 2023 (May 10 Complaint), is the operative complaint. Plaintiffs argue that the operative complaint is what they describe as their First Amended Complaint, which they allege "was filed as a matter of course in district court pursuant to Rule 15(a)(1)." *See* Fed. R. Civ. P. 15(a)(1)(A) (providing that parties may amend their pleadings once as a matter of course within 21 days of service).

Plaintiffs are incorrect. The notice of removal was filed in federal court on May 17, 2023. The notice of removal was then filed in state court and served on Plaintiffs later that same day. At that point, removal was effected. *See Blumberger v. Tilley*, 115 F.4th 1113, 1124 (9th Cir. 2024) (establishing that removal is effected when "defendants . . . give written notice thereof to all adverse parties and . . . file a copy of the notice with the clerk of such State court" (quoting 28 U.S.C. § 1446(d))).

Plaintiffs did not file their First Amended Complaint in state court until May 18, 2023. But because removal was effective the day before, all state court proceedings were frozen pursuant to 28 U.S.C. § 1446(d), and Plaintiffs' filing of the First Amended Complaint in state court had no legal effect. *See Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020) (per

curiam).

And the (void) First Amended Complaint was only attached as an exhibit to Plaintiffs' "Notice of Filing of Amended Complaint," which notified the district court only of the filing in state court, and which erroneously stated that that filing of the First Amended Complaint occurred "before removal of this action became effective." Moreover, the First Amended Complaint is titled as having been filed in the state Superior Court, not the district court. This filing did not constitute the filing of an amended complaint in accord with Federal Rule of Civil Procedure 15(a).

Plaintiffs also contend that they filed an operative Second Amended Complaint. Plaintiffs sought leave to file the Second Amended Complaint more than one year after service. But the district court denied that motion.

3. The exercise of federal jurisdiction is appropriate because the operative May 10 Complaint arises under federal law. "[A] case can 'aris[e] under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (second alteration in original) (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Alternatively, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id*. at 258.

24-3754

Claim 4 of the May 10 Complaint seeks to enjoin construction on the disputed parcel (Property) and all land "within 100 feet" of the Property, a zone encompassing federal trust land. Plaintiffs' request for injunctive relief thus presents the rare circumstance when a federal question is necessarily raised, actually disputed, and substantial. *See id*. As Defendant Condon-Johnson Associates (CJA) identifies, "Plaintiffs seek to enjoin activity on federal trust land," and "[a] substantial federal question exists regarding whether such land could be subject to injunction under state law."[1] The Supreme Court has explained that the question of whether state courts have "jurisdiction over . . . activities on Indian lands" is "a matter of federal law." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 15 (1987).

Exercising federal jurisdiction over this claim would also not disturb the "congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). To the contrary, the scope of Indian tribes' rights on federal trust lands is a question reserved for Congress—not the states. *See Cnty. of Yakima v. Confederated Tribes*

---

[1] Plaintiffs contend that the First and Second Amended Complaints do not seek injunctive relief affecting federal trust land. CJA counters that the First Amended Complaint still requests relief warranting the exercise of federal jurisdiction. But even were Plaintiffs correct, that would be of no moment, since we have found the First and Second Amended Complaint irrelevant for the purposes of analyzing supplemental jurisdiction.

*& Bands of Yakima Indian Nation*, 502 U.S. 251, 257 (1992).  Thus, the exercise of federal jurisdiction is warranted and appropriate.

4.  Dismissal under Rule 12(b)(7) was appropriate.  Rule 12(b)(7) authorizes dismissal for "failure to join a [required] party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  Rule 19 "imposes a three-step inquiry."  *Salt River Project Agric. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).  We first ask whether the absent party is "necessary (i.e., required to be joined if feasible)."  *Id.*  If yes, we turn to the feasibility of ordering that the absent party be joined.  *Id.*  If joinder is not feasible, we ask whether "the absent party [is] indispensable such that the action must be dismissed."  *Id.*

We hold that the Jamul Indian Village is a necessary party: Plaintiffs seek to halt the Village's construction project and to rescind the deed transfer of the Property to the Village.  But the Village, as a federally recognized Indian tribe, has sovereign immunity and cannot be sued without its consent.  *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 988–89, 992 (9th Cir. 2020).  And for the same reasons the Village is a necessary party, the Village is indispensable:

> Indispensable parties under Rule 19(b) are "[parties] who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

*E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 780 (9th Cir. 2005) (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)).  Such is the case here, where the relief Plaintiffs seek includes halting the Village's construction project and rescinding the Village's deed to property it has owned since 2017.  Because the Village is a necessary party which cannot be joined and is indispensable, dismissal under Rule 12(b)(7) was appropriate.

5.   We review the district court's imposition of sanctions for abuse of discretion.[2]  *See Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025) (Rule 11 sanctions); *Kaass L. v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1292 (9th Cir. 2015) (28 U.S.C. § 1927 sanctions); *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (sanctions imposed under a district court's inherent authority).

The district court premised its issuance of sanctions on three grounds: 28 U.S.C. § 1927; Federal Rule of Civil Procedure 11; and the court's inherent authority.  The district court did not make findings sufficient to support imposing sanctions under 28 U.S.C. § 1927, which specifically requires that an attorney have

---

[2] Plaintiffs do not challenge the specific sanctions amount awarded on appeal.  To the extent that Plaintiffs request (in one sentence in their opening brief) that in the alternative, sanctions should be "remanded to be reduced," Plaintiffs provide no argument in support of this request.  Arguments not raised clearly and distinctly in the opening brief are forfeited, and so we do not review the sanction amount.  *See Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014).

24-3754

"unreasonably and vexatiously" multiplied the proceedings in a given case. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) (quoting 28 U.S.C. § 1927). Thus, the district court abused its discretion in leveling sanctions under 28 U.S.C. § 1927. But sanctions under both Rule 11 and the court's inherent authority were warranted.

Rule 11(b) prohibits filings which are "presented for any improper purpose, such as to harass," and requires that parties and attorneys make "nonfrivolous" arguments. Fed. R. Civ. P. 11(b)(1)–(2). The district court invoked Plaintiffs' long history of related (and fruitless) litigation; the frivolousness of this case; and the "pointed warnings of multiple courts" in determining that "[t]he only viable conclusion is that this action was brought in bad faith." This was not an abuse of discretion.

In *Jamul*, a group largely consisting of the same plaintiffs as here sought to enjoin the Jamul Indian Village's construction of a casino on the same federal trust land at issue in this case. *See* 974 F.3d at 988–90 (explaining relevant history and identifying the "Jamul Action Committee" plaintiffs in that case as the same plaintiffs in several other actions brought against the Village, typically featuring Walter Rosales as lead plaintiff). We have found at least 20 such cases. *See Rosales v. United States*, 89 Fed. Cl. 565, 571 & n.2 (2009) (identifying, in addition to that case, fourteen such cases as of 2009); *see also Jamul*, 974 F.3d at 990 (citing, in

addition to the cases cited in *Rosales*, 89 Fed. Cl. 565, three additional cases: *Rosales v. Dep't of Transp.*, No. D066585, 2016 WL 124647 (Cal. Ct. App. Jan. 12, 2016), *Jamulians Against the Casino v. Dep't of Transp.*, No. C077806, 2016 WL 1253586 (Cal. Ct. App. Mar. 30, 2016), and *Rosales v. Dutschke*, 787 F. App'x 406, 407 (9th Cir. 2019)); *Rosales, et al. v. U.S. Dep't of Interior*, No. 2:20-cv-00521-KJM-KJN, 2022 WL 2052639 (E.D. Cal. June 7, 2022), *aff'd*, No. 22-16196, 2023 WL 5524755 (9th Cir. Aug. 28, 2023). This latest suit can be understood only as part of Plaintiffs' decades-long campaign to stop the Village's casino construction project, typically premised on Plaintiffs' allegations that the project disturbs the funerary remains of Plaintiffs' relatives.

Plaintiffs have repeatedly been urged to cease these efforts. *See, e.g.*, *Rosales*, 89 Fed. Cl. at 572 ("Despite vainly prosecuting myriad legal claims in every conceivable forum and fruitlessly propounding inventive and novel legal theories, plaintiffs have continually stared down the face of defeat . . . Plaintiffs' current attempt to defy their fate—an attempt this court *strongly admonishes plaintiffs to make their last*—miscarries again.") (emphasis added) (quoting *Franklin Sav. Corp. v. United States*, 56 Fed. Cl. 720, 721 (2003)); *Rosales*, 2016 WL 124647 at *11 ("[T]his action is but yet another attempt to derail the [Village] as part of the long-standing dispute between [plaintiffs] and the leadership of the [Village]."); *Jamul*, 974 F.3d at 989 (affirming the Village's sovereign immunity "[i]n an opinion that

we hope will finally put an end to these claims"); *Rosales*, 2022 WL 2052639 at *2 ("This action is one of many others like it, all unsuccessful and all based on similar claims about the construction of a casino on land owned by the Jamul Indian Village."). Given this extensive history, the district court did not abuse its discretion in finding that this suit was brought in bad faith with the intent to harass.

We also hold that the district court did not abuse its discretion in determining that Plaintiffs' claims are frivolous. "A frivolous claim is one that is 'legally unreasonable, or without legal foundation.'" *In re Grantham Bros*., 922 F.2d 1438, 1442 (9th Cir. 1991) (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). Plaintiffs argue that because they are not suing the Village but rather the Roman Catholic Bishop of San Diego (Diocese) and CJA, their claims are not frivolous because their previous claims "involved different claims, defendants and property and were not on the merits." But these arguments relate to the doctrines of issue and claim preclusion, neither of which is necessary for a finding of frivolousness. Frivolousness looks instead to whether attorneys have filed pleadings which are "baseless . . . and without a reasonable and competent inquiry." *In re Keegan*, 78 F.3d at 434 (emphasis omitted) (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)).

"Rule 11's requirement of a 'reasonable inquiry' means an inquiry reasonable under 'all the circumstances of a case.'" *Townsend*, 929 F.2d at 1364 (quoting *Cooter & Gell*, 496 U.S. at 401). Looking to all such circumstances here, Plaintiffs' related claims have repeatedly been rejected because the Village enjoys sovereign immunity.[3] *See, e.g.*, *Jamul*, 974 F.3d at 997; *Rosales v. Dutschke*, 279 F. Supp. 3d 1084, 1090–93 (E.D. Cal. 2017), *aff'd*, 787 F. App'x 406 (9th Cir. 2019). A reasonable inquiry would have demonstrated to Plaintiffs and their attorney that this case could not proceed for the same reasons. Plaintiffs (and their attorney) must know that stripping the Village of its deed to the Property and enjoining construction on the Village's federal trust land implicates the Village's interests; that the Village is accordingly an indispensable party; and that the instant claims thus cannot proceed.[4]

---

[3] Webb, Plaintiffs' attorney, has represented Plaintiffs in numerous cases dismissed based on the Village's sovereign immunity. *See, e.g.*, *Rosales*, 2022 WL 2052639; *Rosales*, 89 Fed. Cl. at 571; *Rosales*, 787 F. App'x at 407 ("This is at least the third case in which Plaintiff-Appellant Walter Rosales [levels similar claims] . . . . [J]oinder of the [Village] is unfeasible because it is immune from this suit under the doctrine of tribal sovereign immunity.").

[4] The reasonable inquiry analysis applies even though Plaintiffs originally filed suit in state court: as the Supreme Court of California has recognized, "Indian tribes' sovereign status affords them immunity from state jurisdiction." *Agua Caliente Band of Cahuilla Indians v. Superior Ct.*, 40 Cal. 4th 239, 247 (2006).

And as the district court properly found, Rule 11's "central purpose" is to "deter baseless filings in district court" and to "streamline the administration and procedure of the federal courts." *Cooter & Gell*, 496 U.S. at 393. Sanctions here would serve that purpose, given Plaintiffs' apparent refusal to heed the warnings of many courts to cease their campaign of litigation against the Village's casino project.

Sanctions under the court's inherent authority were also warranted. The district court may order sanctions under its "inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of such sanctions requires a finding of "bad faith, which includes a broad range of willful improper conduct." *Id*. at 992. For the same reasons that sanctions are warranted under Rule 11, the district court did not abuse its discretion in awarding sanctions under its inherent authority. As two of the three reasons invoked by the district court for the imposition of sanctions were well-sounded, we uphold the sanctions.[5]

**AFFIRMED.**

---

[5] The Diocese has moved to strike Plaintiffs' Opening Brief, as well as for additional monetary sanctions and an order to show cause as to why Plaintiffs and their attorney should not be held in contempt. Dkt. 26. We deny the motion. First, we do not interpret Plaintiffs' brief as improperly seeking relief from the Diocese. As Plaintiffs note, their "grounds for appeal against [CJA] are inextricably intertwined with the grounds for appeal against the [Diocese]," thus requiring Plaintiffs to reference the Diocese in their Opening Brief even as they proceed only against CJA. Dkt. 30 at 8. Second, Plaintiffs' Opening Brief expressly identifies that proceedings are stayed with respect to all claims against the Diocese, and Plaintiffs disclaim seeking any relief against the Diocese in violation of the stay. Dkt. 30 at 8–9. Additional sanctions or the issuance of a contempt order are thus not warranted.